(July 8, 1904.)

## DEEDS v. STEPHENS.

[79 Pac. 77.]

PAROL LEASE OF REAL ESTATE—CONFLICT IN EVIDENCE.

1. Where there is a substantial conflict in the oral evidence, the judgment of the court below will not be disturbed.

2. Where the specific performance of an oral contract to lease real estate for a term of more than one year is sought to be enforced, the parol agreement must be clearly proved to the satisfaction of the court.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, Judge.

Action to enforce specific performance of an oral contract to lease real property for a term of ten years. Judgment for the respondent. Affirmed.

I. N. Smith, for Appellant.

McFarland & McFarland, for Respondent.

SULLIVAN, C. J.—This action was originally brought by the respondent, Deeds, against the appellant Stephens, to ob-

tain a perpetual injunction enjoining the appellant from interfering in any manner with what is designated as the addition or annex to the Grand Hotel in the city of Lewiston. The defendant answered, and by cross-complaint demanded certain affirmative relief. The respondent answered the cross-complaint denying an alleged agreement for a ten year lease of said Grand Hotel, and alleged an oral agreement for a lease which was not kept by appellant and which was rescinded by both parties and also pleaded the statute of frauds. Upon the issues as thus made, the case was tried upon the cross-complaint of appellant and the answer thereto, and at the close of cross-complainant's evidence, on motion of counsel for respondent, a nonsuit was granted and judgment entered dismissing the case. From that judgment an appeal was taken to this court and a decision therein was handed down on June 11, 1902. (See 8 Idaho, 514, 69 Pac. 534.) In that opinion the statement of facts is very full and complete and we shall not repeat them here. This court there held that the evidence of appellant in support of her cross-complaint made a *prima facie* case, and that the court erred in granting a nonsuit. The cause was remanded for a new trial. A new trial was had and the judgment of the court was in favor of the respondent Deeds. A motion for a new trial was denied and this appeal is from the judgment and order denying a new trial. The transcript contains four hundred and sixty-five pages, and one hundred and sixty-six printed pages of briefs have been filed in this case, and numerous questions are raised by the assignment of errors.

In our former decision of this case, we held that an oral agreement to lease real estate for a term exceeding one year might be enforced where the evidence shows part performance and that where the evidence discloses part performance by all the parties to the agreement it removes the bar of the statute of frauds and may be enforced in a court of equity, and that in a suit for specific performance any damages, properly pleaded and proved, should be assessed by the court. This court there held that the appellant's evidence on the first trial sustained the material allegations of her cross-complaint, at least so far as the contract to lease the Grand Hotel for a term of ten years

was concerned, and counsel for appellant contends that that is the law of this case, and it is as the case stood at that time. But it must be kept in mind that the nonsuit was granted at the close of appellant's evidence and before the respondent had put in any evidence whatever. On the new trial, after the appellant had introduced her evidence and rested, the respondent then introduced her evidence, and from an examination of all the evidence in the case as it now stands, it will show a substantial conflict on the material issues made by the pleadings.

. The evidence of appellant shows, among other things, that she entered into an agreement with the respondent for a contract to lease said Grand Hotel for a term of ten years at the monthly rental of $200 per month, to begin on the first day of January, 1902, and under and by the terms of said agreement, appellant was to execute a good and sufficient bond in the sum of $3,000, conditioned that the respondent would construct an annex to said hotel and have the same completed on or about June 1, 1901, and upon the completion thereof, would lease and let the same unto the appellant from the time of the completion thereof to January 1, 1902, at $45 per month, and would lease said entire hotel building to the appellant for a period of ten years from the first day of January, 1902, at the rate of $200 per month, payable in advance, and conditioned that the appellant would accept said building and pay the rent therefor as provided by the terms of said lease, and do, perform and keep all covenants agreed to be kept by her, and that the respondent agreed to accept as sureties on said bond F. H. Wood and E. T. Vernon. The evidence shows that said alleged agreement was entered into in November or December, 1900, and the transcript shows that said bond was not executed until the thirtieth day of September, 1901, and was served on counsel for the respondent on the second day of October, 1901, and was introduced on the first trial of this case as part of the evidence of the appellant, which trial occurred about the eighteenth day of October, 1901, and that said bond was executed by said Wood and Vernon. A bond for $1,000 executed by the same sureties and based on substantially the same conditions, was tendered to

appellant by respondent on the second day of October, 1901, and introduced in evidence on the first trial of this case. This latter bond, I suppose, was for the purpose of meeting the contention of respondent in regard to the amount, time and conditions of the bond to be given under the alleged agreement, appellant contending that she was to give a bond of $3,000, to continue for three years, with Wood and Vernon as sureties, and respondent contending that she was to give a bond for $1,000, with good and sufficient sureties, conditioned that she would lease the hotel for a term of three years from January 1, 1902.

It appears from the evidence that Vernon and Wood acted as the agents for the appellant, and that one Isaman acted as the agent for the respondent, and that several interviews and conversations took place between them in regard to the construction of said annex and the lease of said hotel. Said Isaman testified that he informed Vernon that before he (Isaman) began the construction of said annex, he wanted a bond for $1,000 with good sureties, conditioned that the appellant would take the building off from his hands as soon as it was completed or by the 1st of June, 1901, and lease it for the balance of that year and pay $45 per month rental for said annex and lease said hotel for three years from January 1, 1902, and pay $200 per month rental therefor; and that said Vernon agreed to prepare the bond and contract which he failed to do. Said Isaman further testified that he never agreed, at any time, to accept Vernon and Wood as sureties on the bond, and that he often requested the appellant to furnish said bond and that she never did furnish the bond as required by said agreement, or at all.

The record contains other evidence upon the material issues, but we have quoted sufficient therefrom to show that there was a substantial conflict in it as to the amount and terms of the bond and the sureties thereon and as to the time and terms of the lease of the hotel building after January 1, 1902.

"Upon the evidence introduced, the court made its findings of fact and conclusions of law and entered judgment thereon in favor of the respondent. *Inter alia,* the court found that after the agreement to construct said annex, and prior to the com-

mencement thereof, the respondent demanded of the appellant said bond and agreement in writing, but was put off from time to time and that the respondent never did execute or deliver to the plaintiff said agreement or bond and that there never was any definite agreement between plaintiff and defendant for the leasing of said Grand Hotel to the respondent; and that all negotiations, propositions, proposals and agreements between the parties were rescinded by appellant and respondent at the instance of the respondent; that said respondent did not, at any time, agree to lease said Grand Hotel and premises to the appellant for a period of ten years, or at all; and that respondent did not agree to accept a bond in the sum of $3,000 with Wood and Vernon, or either of them, as sureties thereto; and that no tender of any bond whatever was made by the appellant to the respondent prior to the commencement of the first trial in this action; and that on or about the eighth day of January, 1902, the appellant moved out of and surrendered possession of said hotel to the respondent and has not occupied or been in possession thereof since; and that prior to the commencement of the second trial of this action, the respondent had made no tender of any rental sum for said hotel.

"The court thus finds from the evidence before it that the alleged contract was never consummated; and, as there is a very substantial conflict in the evidence, under the well-established rule of this court, the judgment of the district court will not be reversed.

"The rule is well established that one who seeks to enforce a specific performance of the contract is bound to establish clearly and satisfactorily the existence of the contract and its terms. If the testimony be contradictory or doubtful, a decree for specific performance will be refused."

It was held in *Shropshire v. Brown,* 45 Ga. 179, that "A parol contract for land, like a reformation of a deed by parol proof, should be made out so clearly, strongly and satisfactorily as to leave no reasonable doubt as to the agreement." A court of equity will not decree specific performance of a contract if not clearly established. (2 Story's Equity Jurisprudence, secs.

769, 770; 22 Am. & Eng. Ency. of Law, 1075; *Rice v. Rigley,* 7 Idaho, 115, 61 Pac. 290.)

There being a substantial conflict in the evidence and the appellant having failed to establish the alleged contract by that clear and satisfactory evidence which the law requires in such cases, the judgment of the court below must be affirmed. In this view of the case it is not necessary for us to pass upon the other errors assigned *seriatim,* or at all, as they are all subordinate to the main issue, as to whether said alleged contract was ever entered into between the parties.

Costs of this appeal are awarded to respondent.

Stockslager, J., and Ailshie, J., concur.

ON REHEARING.

(December 31, 1904.)

AILSHIE, J.—A rehearing was granted in this case and it was again argued at the October, 1904, term at Lewiston. As announced by a majority of the justices at the time the case was called for reargument, the only question upon which a rehearing was granted was to enable counsel to further present the question as to whether or not there is a substantial conflict in the evidence. Since the last argument in this case we have again examined the matter diligently, and are satisfied that there is such a substantial conflict as to prevent this court from disturbing the judgment. As was said in the original opinion, this was an action to enforce specific performance of a parol contract. The trial judge who saw and heard the witnesses was not sufficiently satisfied with the evidence produced to enter his decree for a specific performance. An examination of all the evidence given in the case leaves much doubt and uncertainty as to the character, terms and conditions of the alleged contract. Indeed, it leaves serious doubt as to whether or not the minds of the contracting parties ever really met on the material elements of the proposed contract. Under such circumstances it would be difficult, if not impossible, to ascertain the intent of the contracting parties. While courts of equity will, upon a

proper showing, as readily enforce specific performance of parol contracts as of contracts in writing, still they will never assume to complete or execute contracts which the parties themselves have only partially agreed upon and have never consummated. It has been frequently observed by the text-writers, as well as by the courts, that it requires a greater weight of evidence to enforce specific performance than it does to resist such an application.     (1 Story's Equity Jurisprudence, 10th ed., sec. 769; 22 Am. & Eng. Ency. of Law, 1077; *Clark v. Maurer,* 77 Iowa, 717, 52 N. W. 522.) In this case the trial court declined to enter a decree for specific performance of the alleged contract, and we think in view of the uncertainty and doubt surrounding the alleged transaction, and the casual and desultory manner in which the parties dealt, the court was justified in making the findings and entering the decree made and entered herein.

The judgment will be affirmed, and it is so ordered, with costs to respondent.

Sullivan, C. J., and Stockslager, J., concur.