(December 11, 1917.)

## W. H. BROWN, Appellant, v. JOHN W. HARDIN, Respondent.

### [169 Pac. 293.]

MORTGAGE FORECLOSURE—VARIANCE BETWEEN PLEADINGS AND PROOF— CORRECT THEORY—CONFLICTING EVIDENCE—INSTRUCTIONS.

1. Where both parties to an action try their case upon the same theory as to the issue tendered by the pleadings, they are bound by the theory so adopted.

2. Where conflicting evidence upon an issue has been submitted to a jury, the verdict based thereon will not be disturbed.

3. Where the jury has returned a verdict for the defendant upon a counterclaim, and where it cannot be determined from the record whether the verdict was based upon a correct theory of the case or an erroneous instruction delivered by the trial court, such instruction is prejudicial error.

[As to what are proper subjects of instructions to jury, see note in 72 Am. Dec. 538.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action on promissory notes. Judgment for defendant. *Reversed.*

Porter & Smith, for Appellant.

A conflict in the testimony which does not go to the controlling question in the case will not invoke the rule of non-

disturbance of the verdict by the appellate court. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

The rule, so far as collateral security is concerned, does not force us to realize upon the security, but only to exercise ordinary diligence in handling same, and we are entitled to retain same and do not have to bring suit thereon before proceeding against the original debtor. (*Exchange State Bank v. Taber,* 26 Ida. 723, 725, 145 Pac. 1090.)

Longley & Walters and Taylor Cummins, for Respondent.

Where there is some evidence to support the verdict of the jury, the judgment will not be reversed. (*Lott v. Oregon Short Line R. Co.,* 23 Ida. 324, 130 Pac. 88.)

The supreme court will not disturb the verdict of the jury on the ground that the weight of the evidence is against the respondent. (*Denbeigh v. Oregon Wash. R. & Nav. Co.,* 23 Ida. 663, 132 Pac. 112.)

Though the preponderance of evidence is in favor of appellant, the court will not disturb the verdict and judgment where there is substantial evidence supporting the contention of respondent. (*Meeker v. Trappett,* 24 Ida. 198, 133 Pac. 117.)

A note secured by a mortgage is non-negotiable, and the purchaser acquires no better title than his assignor. (*Helmer v. Parsons,* 18 Cal. App. 450, 123 Pac. 356.)

RICE, J.—This action was instituted by appellant to recover the balance upon two promissory notes executed by the respondent in favor of Reeves & Company, a corporation of Columbus, Ind., as part payment for a certain threshing engine. The notes had been indorsed by Reeves & Company to the Northville State Bank of Northville, S. D., and by the bank indorsed to the appellant herein. The notes in question were secured by a chattel mortgage executed by the respondent upon the engine, as well as some additional personal property. The respondent admits the execution of the notes. As an affirmative defense to appellant's action he alleged that on or about the 20th day of March, 1910, he,

being desirous of leaving the state of South Dakota and of disposing of his holdings therein, entered into an agreement with the bank, the then owner and holder of the notes and chattel mortgage above referred to, to the effect that the threshing engine was to be left with one E. H. Wilson of Northville, S. D., and by him sold with the approval of the bank, and so much of the proceeds of the sale as would be sufficient to cover the amount due on the notes should be delivered to the bank, and the notes of respondent, above referred to, should be canceled and released and the surplus of such sale, if any, should be paid to respondent; that thereafter Wilson sold the threshing engine and other property to one John Larson for a sum greatly in excess of the amount due upon the notes referred to, and that Larson executed his notes for the purchase price and secured the same by a chattel mortgage upon the threshing engine and other personal property, and also executed a real estate mortgage upon a quarter-section of land in South Dakota to secure the notes, and that the notes and mortgage, made as aforesaid by Larson, were accepted by the bank in full settlement of any and all indebtedness the respondent owed to it on account of the two notes sued upon in this action, and upon the further express agreement and promise that all sums to be realized upon the notes and mortgage of Larson, in excess of the indebtedness of respondent to the bank, would be paid by it to him. Respondent further alleged that the bank wrongfully and fraudulently converted and appropriated the notes and mortgage made by Larson to its own use, and that thereafter and without any process of law made a pretended foreclosure of the mortgage originally given by respondent on the threshing engine, the foreclosure being made by a person without any authority of law and not clothed with power so to do, and that by reason of the premises respondent was deprived of his property without due process of law.

The respondent, under a pleading which he denominated a cross-complaint, also alleged that the appellant unlawfully

and fraudulently converted and appropriated the Larson notes and mortgage.

It will be observed that the affirmative pleadings of the respondent are not consistent. Having alleged the sale of the threshing rig to Larson and the extinguishment of his own debt to the bank by the proceeds of the sale, the respondent could not thereafter claim an interest in the property sold or recover for injury to himself resulting from the foreclosure of a chattel mortgage thereon. Neither could the bank agree to take title to the Larson notes and pay to respondent the difference between such notes and the indebtedness due the bank from respondent, and at the same time agree to collect the notes for respondent and account to respondent for the excess so collected over his indebtedness to the bank.

The cause was tried upon the theory that the counterclaim alleged an agreement on the part of the bank to accept the proceeds of the sale of the property by Wilson, whether such proceeds should be cash or notes or other securities, and to pay to respondent the excess of the proceeds, if any, over the indebtedness due the bank by the respondent. The briefs of both the appellant and respondent agree upon this point. In the brief of appellant we find the following: "Defendant claims that one G. H. Brown, an officer of said bank, agreed for the bank that such sale was to be with the approval of the bank, and that the bank accepted the proceeds of such sale in full settlement of the defendant's notes and would render to defendant any overplus." Respondent in his brief states appellant's contention as follows: "Appellant claims that the only agreement made by the bank with respondent was that the proceeds of the sale made by Wilson Brothers were to be applied on the indebtedness of respondent to the bank on the notes in suit."

Both parties having tried the cause upon the same theory as to the issue tendered by the pleadings, they are bound by the theory so adopted. (4 C. J. 662; *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265.) Under that theory any question of the

conversion either of the Larson notes or the threshing outfit by the bank or the appellant is eliminated from the case.

On the issue upon which the case was tried the evidence was conflicting. We would not be justified in setting aside the verdict on any assignments of error on the part of the appellant specifying insufficiency of the evidence.

The following instruction was given by the court at the request of the respondent, and is assigned as error:

"You are instructed by the court that if you believe from the evidence that the notes and mortgages made by John Larson for the purchase price of the threshing rig in question were delivered by (to) the Northville State Bank or to the plaintiff in this action under an agreement that they should be accepted by the bank in payment of Hardin's notes and not be taken as collateral security for the payment of the notes sued upon by the plaintiff, then the plaintiff had no authority to foreclose the Reeves mortgage on the threshing rig in question and such foreclosure and the taking possession of the property covered by such mortgage was without authority and amounts to a conversion for which the plaintiff is liable to the defendant and the defendant may recover the value of the property at the time of its conversion."

The instruction is erroneous. It proceeds upon the theory that the property had already been sold to Larson, and if the proceeds of the sale had extinguished the indebtedness of the respondent, the foreclosure would be an invasion of the rights of Larson and not of respondent, and the appellant would be liable to Larson and not to respondent for such wrongful foreclosure. It cannot be said that the giving of this instruction did not prejudice the rights of the appellant. The verdict being general, it is impossible to determine the basis on which the jury arrived at it. Acting under the foregoing instruction, the jury may have returned a verdict for the value of the property belonging to Larson, which clearly could not be the basis for recovery by respondent. It is no answer to say that the difference between the notes executed by Larson, received by appellant, and the notes of respondent sued upon in this action is greater than the

amount of the verdict. It would be necessary that it affirmatively appear that the jury did not base its verdict upon the value of the property foreclosed in order for the judgment to be sustained. (*Holt v. Spokane & Palouse Ry. Co.,* 3 Ida. 203, 35 Pac. 39.)

The judgment is reversed and a new trial is ordered. Costs are awarded to appellant.

Budge, C. J., and Morgan, J., concur.