(December 16, 1921.)

## CHARLES R. BURRUS, Appellant and Respondent, v. EDWARD RUTLEDGE TIMBER COMPANY, a Corporation, Respondent and Appellant.

[202 Pac. 1067.]

NAVIGABLE LAKE-BED—TITLE—CHANGE IN LEVEL—LOG BOOM—BOOM STICKS — RIPARIAN OWNER — DAMAGES — ISSUES AT LAW — EQUITABLE ISSUES.

1. The state holds the title to the beds of navigable streams below the natural or average high-water mark, for the use and benefit of the whole people.

2. When the level of the waters of a navigable lake is artificially raised, the public rights therein are correspondingly extended so long as such artificial level is maintained.

3. Where, in trying equitable issues in a case, the court makes findings of fact, which are necessarily in conflict with the verdict of the jury on an issue of damages in the same case, and the evidence clearly supports the findings of the court, the verdict should be set aside, so far as in conflict with those findings.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action for damages and injunction. Cross-appeals. Decree on equitable issues *affirmed.* Judgment on verdict *reversed.*

Ralph S. Nelson and Robert H. Elder, for Appellant and Respondent Company.

The land under navigable streams of this state does not pass to the patentees of the United States by the sale of lots or lands bordering on such streams. (*Northern Pac. R. R. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854.)

Grants by the United States of lands bounded by lakes and streams are to be construed and given effect according to the law of the state in which the land lays, and each state

determines for itself to what extent it will retain and exercise this prerogative over the lands under said streams and water. (*Hardin v. Jordan,* 140 U. S. 371, 11 Sup. Ct. 808, 838, 35 L. ed. 428; *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764.)

"Where a permanent dam was erected in a navigable stream, causing the water above it to be raised, the rights of riparian owners above the dam, as against persons entitled to use the stream, are to be construed with reference to the changed conditions, and not as they existed before the dam was built." (*Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185; *Steele v. Sanchez,* 72 Iowa, 65, 2 Am. St. 233, 33 N. W. 366; *Pewaukee v. Savoy,* 103 Wis. 271, 74 Am. St. 859, 79 N. W. 436, 50 L. R. A. 836.)

W. B. McFarland, for Respondent and Appellant Burrus.

The state holds the title to the beds of navigable streams below the natural or average high-water mark. (*Northern Pac. R. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854.)

The level of the waters of Lake Coeur d'Alene as held by the dam of the Washington Water Power Co. is not the natural or average high-water mark of the lake. The natural or average high-water mark of the lake referred to in the case cited and kindred decisions must mean the high-water mark of the lake before it has been raised by dams or other artificial means.

McCARTHY, J.—This is a case of cross-appeals. Burrus sued the company alleging that he was the owner of certain land and a dwelling-house fronting on Lake Coeur d'Alene; that the company negligently left some boom sticks insecurely attached at a point on said lake not far from his dwelling-house; that by reason of said boom sticks being left in an insecure condition the winds and waters caused them to be driven and forced against his dwelling-house, dock and gasoline boat, to his damage; that the company permitted its boom sticks to remain along the shores of the lake

adjacent to his property thereby causing him to be deprived of access to and egress from his premises; that a strip of meadow land, which was at said time covered with water, and an artificial channel, leading from said meadow to a certain creek called Wolf Lodge Creek, are part of his said premises; that the company strung its boom sticks across said meadow and channel preventing him from using them. Burrus prayed for $2,500 damages and also an injunction to restrain the company from maintaining its boom sticks across his meadow and channel and from booming its logs upon his premises. The company denied any negligence in the placing or maintaining of its boom sticks, and denied that Burrus' property was injured by the boom sticks. It further denied that he was deprived by said boom sticks of access to or egress from his premises and that he owned or was entitled to the exclusive use of said channel. It alleged that the places where its boom sticks were placed constituted navigable waters of Coeur d'Alene Lake and that it was using said waters in a reasonable manner. The issue of damages, being a law issue, was tried to a jury and at the same time the equitable issues, pertaining to the injunction, were tried to the court. The court submitted to the jury the issue whether Burrus was entitled to recover damages from the company on account of injuries to his house, boat, and dock, on account of being deprived of access to and egress from his property, and on account of the maintenance of the boom sticks on his so-called meadow and the blocking of the channel. The jury returned a verdict for $500, upon which judgment was entered. On the equitable issues the court found that the company maintained its boom sticks only at places where the lake was navigable and not on any land or waters owned by Burrus or to which he had exclusive right of possession; that the channel in question is located in the navigable waters of the lake and not on a meadow or property belonging to Burrus; that the defendant did not unreasonably obstruct the navigation of the lake or maintain its boom sticks upon the property of Burrus

and did not interfere with his ingress to or egress from his premises. The court vacated a temporary injunction which had been issued and denied any injunctive relief. The company made a motion for a new trial in which, among other grounds, it was urged that, in view of the evidence, the court had erred in submitting to the jury the issue of damages and particularly the issue of damages arising out of maintaining the boom sticks on the so-called meadow, the blocking of the so-called channel, and the deprivation of the right of ingress and egress. The company has appealed from the judgment for damages against it, and from the order denying its motion for a new trial, and Burrus has appealed from the judgment of the court denying him injunctive relief.

The only assignment of error by the company, which it is necessary for us to consider, is that the court erred in submitting to the jury the issue of damages for maintaining boom sticks on Burrus' meadow, for blocking up the channel, and depriving him of ingress and egress. The only assignment of error by Burrus, which it is necessary for us to consider, is that the court erred in finding that the boom sticks were not maintained on his meadow, and said channel was not situated on his premises.

We will consider first Burrus' cross-appeal. The evidence clearly supports the findings of the court that the so-called meadow. was submerged, and that the waters above it, and the channel in question, constituted navigable waters of the lake; that the boom sticks of the company in those waters did not unreasonably interfere with the navigation of the lake, nor with Burrus' right of ingress and egress. It appears that prior to 1906 Burrus grew hay on the so-called meadow; that about that time the Washington Water Power Company raised the level of the lake by making a dam; that since that time the land has been covered by water deep enough to be navigable.

"The title to beds of navigable streams of this state does not pass to the patentees of the United States by the sale of lots or lands bordering on such streams.

"The state holds the title to the beds of the navigable streams below the natural or average high-water mark, for the use and benefit of the whole people." (*Northern Pacific Ry. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854.)

"Where a permanent dam was erected in a navigable stream, causing the waters above it to be raised; the rights of riparian owners above the dam, as against persons entitled to use the stream, are to be construed with reference to the changed conditions, and not as they existed before the dam was built." (*Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185.)

"If a person artificially raises the level of the waters of a navigable lake, the public rights therein are correspondingly extended so long as such artificial level is maintained." (*Pewaukee v. Savoy,* 103 Wis. 271, 74 Am. St. 859, 79 N. W. 436, 50 L. R. A. 836.)

The decree denying injunctive relief should be affirmed.

Turning now to the company's appeal, the issue whether Burrus' house, boat and dock were injured by its alleged negligence in failing to properly secure its boom sticks was properly submitted to the jury, and there was evidence to sustain a verdict for damages on that ground. The issue whether Burrus' right of ingress and egress to and from his house was interfered with by certain loose boom sticks which were washed ashore was also properly submitted to the jury. But the court also submitted to the jury the issue whether Burrus was entitled to recover damages on the ground that the company maintained boom sticks on his meadow, and thereby blocked his channel, and deprived him of his right of ingress and egress. It is impossible to tell how much of the damages were awarded on the first two grounds and how much on the third. It appears, however, that all the damages were not awarded on the first two, and that the third must have entered into the verdict. In so far as the verdict was predicated upon the third ground it was in conflict with the findings of the court. Those findings being clearly borne out by the evidence, it follows that

a verdict based in part upon a contrary finding of the jury should have been set aside by granting a motion for a new trial.

The decree of the court on the equitable issues is affirmed, the judgment on the verdict is reversed, and the cause remanded for a new trial in accordance with the views in this opinion. Costs awarded to the appellant Edward Rutledge Timber Company.

Rice, C. J., and Budge and Lee, JJ., concur.

Dunn, J., being disqualified, took no part in the decision.