(July 27, 1922.)

EDNA PEARCY MILLER and FRANK MILLER, Appel-
lants, v. LEWISTON–CLARKSTON CANNING COM-
PANY, LTD., a Corporation, and J. ALEXANDER
COMPANY, LTD., a Corporation, Defendants and Re-
spondents; JOHN B. MORRIS, as Mayor-Trustee of the
City of Lewiston, Intervenor and Respondent.

[209 Pac. 194.]

EJECTMENT—TITLE TO LAND LYING UNDER NAVIGABLE WATER—COL-
LATERAL ATTACK—NECESSITY OF PLACING PARTIES IN STATU QUO.

1. In an ejectment action the plaintiff must recover upon
the strength of his own title, and not upon the weakness of that
of his adversary.

2. When land bordering upon navigable water is granted by
a patent of the United States government, the adjacent land
under the navigable water does not pass by virtue of the patent
alone.

3. In this jurisdiction the state holds title to the beds of navi-
gable streams below the ordinary high-water mark for the use
and benefit of the whole people.

4. Void acts of public officials are not immune from collateral
attack.

5. Where plaintiff in an ejectment action relies upon a void
deed, executed by the mayor of a city as trustee for the inhabi-
tants thereof, a subsequent mayor may attack the deed as void
without returning or offering to return the consideration paid
therefor.

APPEAL from the District Court of the Tenth Judicial
District, for Nez Perce County. Hon. Edgar C. Steele,
Judge.

Action in ejectment. Judgment for defendants and in-
tervenor. *Affirmed.*

Benj. F. Tweedy, for Appellants.

The mayor-trustee acts as an agent for, and instead of,
the officers of the general land department of the United

States and the same conclusive presumptions arise from his execution of a deed as arise from the execution of a deed by officers of the general land office. (*Anderson v. Bartels,* 7 Colo. 256, 3 Pac. 225; *Chever v. Horner,* 11 Colo. 68, 7 Am. St. 217, 17 Pac. 495; *Lamm v. Chicago etc. R. Co.,* 45 Minn. 71, 74 N. W. 455, 10 L. R. A. 268; *Green v. Barker,* 47 Neb. 934, 66 N. W. 1032.)

The execution of the deeds makes them final (*Clear Lake Power & Imp. Co. v. Chriswell,* 31 Ida. 339, 173 Pac. 326); and, though there is actually no land above ordinary high-water mark, yet the mayor-trustee held and owned riparian rights (*Northern Pacific R. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854), which he could sell and convey to Edmond Pearcy (*Eisenhart v. City and County of Denver,* 27 Colo. App. 470, 150 Pac. 729), vesting in him and in his heirs the right to use and occupy the land below ordinary high-water mark for public warehouses, public wharves and public ferry and the right to charge and collect rents and compensation from the general public, which public use in no way conflicts with the state or the general public.

We can assume, if necessary, that the mayor-trustee decided that there was some land within the deed description which, at that time, in 1879, was above the ordinary high-water mark, and, as the high-water mark line constantly is changing (*City of Oakland v. Buteau,* 180 Cal. 83, 179 Pac. 170), the evidence considered by the court is not sufficient to reverse the mayor-trustee's decision, nor sufficient to prove that in 1879 there was no land within the deed description that was above the ordinary high-water mark.

The mayor-trustee is absolutely bound, in the absence of fraud, by the deeds executed to Edmond Pearcy. (C. S., sec. 5378; *Anderson v. Bartels, supra*; *Callahan v. James,* 7 Cal. Unrep. 82, 71 Pac. 104.)

After laches attach, the mayor-trustee for fraud cannot attack his deeds in equity (*Emerson v. Kennedy Min. etc. Co.,* 169 Cal. 718, 147 Pac. 939; *Marysville Investment Co. v. Holle,* 58 Kan. 773, 51 Pac. 281); nor can the mayor-trustee have the deeds set aside for fraud while he and the bene-

ficiaries keep the money paid for the land. (*Andola v. Picott,* 5 Ida. 27, 46 Pac. 928.)

At the time of taking proceedings to sell the land to Mr. Pearcy, the United States and the mayor-trustee were the proprietors of the Lewiston town site; and the proprietor can divide his lands into upland tracts and water ·tracts, and sell and convey them separately. (*Northern Pacific R. Co. v. Scott etc. Lumber Co.,* 73 Minn. 25, 75 N. W. 737; *Dawson v. Broome,* 24 R. I. 359, 53 Atl. 151; 29 Cyc. 372, subd. E.)

The water lots were defined and as well platted and described, especially the one sold and conveyed to Mr. Pearcy, as was the tract sold to the city of Denver, embracing the bed of Cherry Creek. (*City of Denver v. Pearce,* 13 Colo. 383, 22 Pac. 774, 6 L. R. A. 541.)

The conclusion of the mayor-trustee that the patent from the United States conveyed to him the land that he sold and conveyed to Mr. Pearcy, especially all of it below ordinary high water, has been favored by this court in the construction of other patents, conveying riparian upland. (*Johnson v. Hurst,* 10 Ida. 308, 77 Pac. 784; *Lattig v. Scott,* 17 Ida. 506, 107 Pac. 47; *Johnson v. Johnson,* 14 Ida. 561, 95 Pac. 499, 24 L. R. A., N. S., 1240; *Ulbright v. Baslington,* 20 Ida. 539, 119 Pac. 292, 294.)

Eugene A. Cox and Chas. H. Chance, for Respondents.

The lands sued for were and are below natural high-water mark of the Snake River, a navigable stream. At the date of the pretended deeds Idaho was a territory and the title was in the United States. (29 Cyc. 355, 357, 367; Farnham, Waters and Watercourses, 49; *St. Paul etc. R. R. Co. v. Schurmeier,* 7 Wall. (U. S.) 272, 19 L. ed. 74; *Shively v. Bowlby,* 152 U. S. 1, 14 Sup. Ct. 548, 38 L. ed. 331; *Morris v. United States,* 174 U. S. 196, 19 Sup. Ct. 649, 43 L. ed. 946.)

The lands, therefore, could not be disposed of by the mayor-trustee of the city of Lewiston town site. The title to the lands is still in the state of Idaho, there never having

been any act authorizing their disposal. (*Northern Pacific Ry. Co. v. Hirzel*, 29 Ida. 438, 161 Pac. 854.)

The deeds under which appellants claim are illegal, collusive and void. (28 Cyc. 337, 650; *Coles v. Trustees of Village of Williamsburgh*, 10 Wend. (N. Y.) 659; McQuillin, Mun. Corp., p. 1318.)

RICE, C. J.—This is an action in ejectment, originally brought by appellants Edna Pearcy Miller and Frank Miller, her husband, against the Lewiston-Clarkston Canning Co., Ltd., and J. Alexander Co., Ltd., domestic corporations, to recover possession of certain land occupied by respondents situated on the Snake River waterfront. The mayor of the city of Lewiston was permitted to intervene as trustee for the city and the inhabitants thereof.

The appellant Edna Pearcy Miller claims title to the land by inheritance from her father, Edmund Pearcy, now deceased, to whom two deeds were executed by the mayor-trustee of the city of Lewiston, one in the year 1872 and the other in the year 1882, which purported to convey title to the land in controversy. Respondents Lewiston-Clarkston Canning Co., Ltd., and J. Alexander Co., Ltd., claim the right to possession by virtue of certain leases executed by the mayor-trustee of the city of Lewiston, which at the time of the commencement of the action were still in force. In his complaint in intervention the mayor-trustee alleged that in 1875 the United States issued patent under the act of March 2, 1867, and amendments thereto, to Henry W. Stainton, mayor-trustee of the city of Lewiston, for certain lands constituting the town site of Lewiston, which included the land along the Snake River opposite the land in question. He also sets out certain acts of the legislature of Idaho territory and the state of Idaho, giving him, as he claims, the right of possession and control of the lands in controversy.

Snake River is a navigable stream. The court found, on the testimony of certain witnesses, naming them, that all of the land in controversy was below the ordinary high-water

mark of the Snake River. Although the court enumerates the witnesses relied upon, it will not be presumed that it did not take into consideration all of the evidence presented in determining the fact, and the evidence as a whole is amply sufficient to sustain the finding.

In view of the conclusion we have reached, it is unnecessary, and perhaps would be confusing, to detail additional facts found by the court. The court decreed that appellants had no right, title or interest of any kind or nature whatsoever in or to the lands or premises or any part thereof described in the complaint, and that the deeds executed to Edmund Pearcy in 1879 and 1882 were and are wholly void. It was also decreed that the fee title to such lands and premises is in the state of Idaho, and that the intervenor and his successors in office are entitled to possession and control of all of said lands and premises and to all riparian rights incident thereto or connected therewith, subject to the paramount fee title of the state of Idaho and to the rights of navigation in accordance with the constitution and laws of the United States.

The appeal is from the decree so entered.

In an ejectment action the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary. (9 R. C. L. 838.)

When land bordering upon navigable water is granted by a patent of the United States government, the adjacent land under the navigable water does not pass by virtue of the patent alone. Whether the owner of the shore along navigable water owns the lands lying thereunder depends upon the law of the jurisdiction in which the same is situated. (*Scott v. Lattig,* 227 U. S. 229, 33 Sup. Ct. 242, 57 L. ed. 490, 44 L. R. A., N. S., 107; *Hardin v. Shedd,* 190 U. S. 508, 23 Sup. Ct. 685, 47 L. ed. 1156; *United States v. Chandler-Dunbar Water Power Co.,* 209 U. S. 447, 28 Sup. Ct. 579, 52 L. ed. 881; *St. Paul & P. R. Co. v. Schurmeier,* 7 Wall. (U. S.) 272, 19 L. ed. 74.)

It is now the settled law of this state that the owner of the shore along navigable water owns only to the ordinary

high-water mark.  The state holds title to the beds of navigable streams below the average high-water mark for the use and benefit of the whole people.  (*Callahan v. Price,* 26 Ida. 745, 146 Pac. 732; *Northern Pac. R. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854; *Burrus v. Edward Rutledge Timber Co.,* 34 Ida. 606, 202 Pac. 1067; *Raide v. Dollar,* 34 Ida. 682, 203 Pac. 469.)

The deeds of 1879 and 1882, therefore, purporting to convey title to a portion of the bed of the river are void because the grantor had no title to convey.

It appears that in 1881 the legislature of the territory of Idaho passed an act empowering the city of Lewiston "to lease the waterfront to any person, steamboat or railway company for the purpose of erecting warehouses, wharfs, wharf-boats, or for any other purpose which they may deem proper; provided, the said city council shall, in any such lease, or leases, reserve the right to fix the rate of toll or wharfage."

No law of the territory or state of Idaho has been called to our attention, and we do not know of any, authorizing the city of Lewiston, or the mayor-trustee thereof, to convey title to any portion of the bed of Snake River.  Appellants do not claim under any lease executed in accordance with the above-mentioned statute.  They, therefore, have failed to show right to possession to the lands in controversy and cannot recover in this action.

It is contended by appellants that the complaint in intervention constitutes a collateral attack upon the action of former mayors of the city of Lewiston in executing the deeds of 1879 and 1882 to Edmund Pearcy, and that such action is not subject to collateral impeachment.  If it be true that this is a collateral attack, it is nevertheless permissible.  Void acts of public officials are not immune from collateral attack.

Appellants also contend that the complaint in intervention is insufficient in that it contained no offer to place appellants *in statu quo;* that it appears that Mr. Pearcy paid the mayor-trustee $71 consideration for the deeds executed

to him; ·that this amount was never returned, and there is no offer to return it. The complaint in intervention was not defective in this respect. This is not an action to rescind or avoid a voidable contract. The contract was void, and the $71 was paid without consideration.

It is to be noted that the state is not a party to this action, and that the extent to which the mayor-trustee of the city of Lewiston may control the waterfront of the Snake River adjacent to the town site is not in question.

The judgment is affirmed, with costs to respondents.

Budge, McCarthy, Dunn and Lee, JJ., concur.

(September 2, 1922.)

ON PETITION FOR REHEARING.

RICE, C. J.—A petition for rehearing has been filed in this case. The petitioner insists that the complaint in intervention contained no allegation that all the land in controversy was below the high-water mark, and therefore the pleadings do not support the findings, or the judgment.

"Since the fundamental question in an action of ejectment is the legal right of possession, and since plaintiff must rely upon the strength of his own title and not upon the weakness of his adversary's, as a general rule defendant in ejectment may, so to speak, fold his arms and await the establishment of plaintiff's title, since the burden of proof is on plaintiff." (19 C. J. 1073.)

"In accordance with the general doctrine in actions of ejectment that the plaintiff must recover upon the strength of his own title and cannot rely upon the weakness of the defendant's claim, it is well settled that if the case depends upon the legal title, the defendant may show an outstanding title in some third party, and need not show that he holds it himself or that his possession relates to it, unless both parties derive title from a common source, or he is estopped because of some act done by him, or because of some relation existing between him and the plaintiff, or be-

676    MILLER v. LEWISTON-CLARKSTON C. Co.    [35 Idaho,

Opinion of the Court—Rice, C. J., on Petition for Rehearing.

tween the plaintiff and those with whom he is privy in estate or in possession.'' (9 R. C. L. 870.)

The evidence in this case showed title to the land to be in the state of Idaho. Appellants and the original defendants do not derive title from a common source. Appellants attempted to derive title from the mayor-trustee of the city of Lewiston. The original defendants were in possession under a lease, but the lease was executed under the authority granted by the act of 1881. The leases, therefore, were granted by the state of Idaho through the agency of the mayor-trustee. The location of the ordinary high-water mark being an essential element in the proof of title in the state, it was in effect an issue in the case without a formal allegation in the pleadings.

The case was tried upon the theory that the ordinary high-water mark was an issue in the case. This is shown by the fact that both appellants and the plaintiff in intervention introduced evidence upon this point. It is further shown, beyond peradventure, that it was so understood by both sides, by the following excerpt from the record which is part of the examination of witness Thomas by the plaintiff in intervention:

''Q. Will you please turn to your records, if you have them with you, and state what the records show in regard to the high-water mark of the Snake River for the year 1909?

''Mr. Tannahill (Attorney for Appellants): We object to that upon the ground that the extreme high-water mark is not the question in issue. It is the ordinary high-water mark.''

All parties to the controversy having tried the case upon the theory that the ordinary high-water mark of Snake River was an issue in the case, in this court they should not be permitted to abandon that theory. (*Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293.)

Furthermore, appellants failed to show the validity of the deeds under which they claim title.

U. S. Rev. Stats., sec. 2387, reads in part as follows: ''Whenever any portion of the public lands have been or

may be settled upon and occupied as a town site, not subject to entry under the agricultural, pre-emption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and if not incorporated, for the judge of the county court in which such town is situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated."

Sec. 9 of the act of the territory of Idaho, approved Jan. 8, 1873 (Laws of 1873, p. 20; Local and Special Laws, p. 183), is as follows: "All blocks, lots, acres, or parts of the same, remaining unclaimed for a period of six months from the date of the first publication of the notice' hereinbefore provided for, shall be sold by the mayor-trustee at public auction, to the highest bidder, for legal money, after his giving notice publicly for three weeks, either in a newspaper published in said city, or by five written notices of such sale, to be posted at different and most public places in said city. . . . . And that portion of the said tract of land included and described in the aforenamed patent, and not surveyed into blocks and lots, and claims, of acres and parts of acres, and of which the exterior lines are to be run and platted, shall be subject to the control and disposal of the said mayor-trustee, under and by virtue of duly enacted ordinance or ordinances of the said common council of said city."

The land in controversy was not surveyed into blocks and lots, or claims, and therefore was subject to disposal by the mayor-trustee only under and by virtue of duly enacted ordinance or ordinances of the common council of said city. Appellants did not show the existence of such duly enacted ordinance or ordinances. Sections 75 and 76 of the charter of the city of Lewiston (Special and Local Laws, p. 159)

prescribed the method of enacting an ordinance. In this instance, the law was not observed in any particular.

Appellants contended that ''The lands described in the complaint were properly subject to the action of the mayor-trustee, and as he acts for the general land department in the disposal of the town site, and, as he has acted in regard to it, it will be conclusively presumed that all the preliminary requirements have been properly complied with, and the records of the council are not admissible to show that such requirements have not been complied with.'' There is no such conclusive presumption. The presumption is indulged that public officers have duly and regularly performed the duties reposed in them by law; but there is no presumption that power is vested in a public officer to do a particular thing. Power must be shown to exist either by the statute or constitution, or by virtue of the common law, of which the courts take judicial notice, or by proof. Of course, there are implied powers which are essential to the execution of power expressly granted. The burden of showing authority in the mayor-trustee to execute the deeds to appellants' predecessor rested upon them. The passage of an ordinance or ordinances, authorizing the deeds in question, was a necessary condition precedent to the existence of power in the mayor-trustee to execute the deeds and make the conveyance.

The case was fully presented, both in the briefs and upon oral argument, and no good purpose could be served by granting a rehearing. Appellants suggest that if called upon to meet the issue, they are prepared to introduce additional evidence as to the ordinary high-water mark of Snake River. Manifestly, this is not sufficient reason for reversing the judgment.

The petition is denied.

McCarthy and Dunn, JJ., concur.