(No. 5876.   March 4, 1933.)

BOISE PAYETTE LUMBER COMPANY, a Corporation, Respondent, v. J. F. BALES and LORENE C. BALES, Husband and Wife, Appellants.

[20 Pac. (2d) 214.]

Cleve Groome, for Appellants,

John J. Plowhead and Alfred A. Fraser, for Respondent.

HOLDEN, J.—This is an action to foreclose a real estate mortgage. The appellants were the owners of certain lots in the town of Parma, Canyon county, Idaho. The respondent is engaged in the business of selling building material. It supplied material for the reconstruction and repair of a building on said lots. On the twenty-third day of January, 1931, the respondent filed a claim of lien on that property for a stated amount, and on the fourth day of May, 1931, the appellants gave and the respondent accepted a note for $2,500, and mortgage upon the above-mentioned property for the amount of the merchandise account it claimed, as well as for money loaned to the appellants. On the twenty-second day of July, 1931, respondent filed a complaint in the district court of Canyon county for the foreclosure of the claim of lien filed as above stated, and thereafter and on the thirty-first day of August, 1931, the respondent commenced the instant suit for the foreclosure of said mortgage. The complaint in foreclosure of the mortgage is in the usual form. The appellants answered and among other things alleged: Admitted they gave the note and mortgage; admitted an indebtedness of $569.11 on the merchandise account, as well as a cash loan of $1,630.94; alleged an agreement and understanding between respondent and appellants that said note would not fall due and that respondent would not request payment thereof until the parties had had a settlement and determined the amount of the merchandise account, and that thereupon, the

merchandise account being secured by mortgage, the respondent was to execute a good and sufficient satisfaction of the claim of lien so filed by respondent; that the parties had not had a settlement and that the amount due on the merchandise account had not been determined; that in violation of the said agreement and understanding respondent commenced suit to foreclose said claim of lien, and that said suit had never been dismissed; that said note and mortgage were not due and that there was no consideration therefor in excess of the said loan of $1,630.94, and that the case at bar (the suit to foreclose the mortgage) was prematurely brought. During the trial of the instant case, the suit to foreclose the lien filed for building material was dismissed. Being in equity, the suit was tried by the court sitting without a jury. The appellants admitted a total indebtedness of $2,200.05 ($569.11 on the merchandise account, and $1,630.94, loaned to them by respondent), and the lower court rendered its decree for $2,355.89, principal, a difference of $155.84. An appeal was taken to this court from such judgment and decree.

Eliminating the issue involving the small difference between the amount the respondent claimed to be due it, and the amount the appellants admitted they owed respondent, which was found against the appellants upon substantial evidence, and which finding this court will not, therefore, disturb, appellants resisted the mortgage foreclosure suit in the court below, and the case was tried by both respondent and appellants upon the theory and defense that: 1. The said note would not fall due, and that respondent would not request payment thereof until the parties had had a settlement and determined the amount of the merchandise account; 2. That when the amount of the merchandise account was determined, then that the respondent would execute a good and sufficient satisfaction of the materialman's lien; 3. That there was no consideration for the note and mortgage, in excess of the loan made to appellants by respondent, amounting to the sum of

$1,630.94; 4. That the mortgage foreclosure suit was prematurely brought; 5. That the respondent commenced a suit to foreclose the materialman's lien in violation of the agreement made between appellants and respondent. And, during the course of the trial, when the respondent inquired as to what object the appellants had in view in attempting to get into the record the matter of the filing of the lien for material and the filing of the complaint by respondent for the foreclosure of that lien, appellants stated that it was "to show failure of consideration." On appeal, and in this court, the appellants seek a reversal of the judgment and decree against them upon the ground that respondent, having filed a complaint for the foreclosure of the materialman's lien, thereby elected to pursue that remedy for the collection of the merchandise account, and, under the doctrine of election, could not recover in the mortgage foreclosure suit, the amount of the merchandise account which had been included in the mortgage, and the appellants also seek to have this court treat the answer and defense they made in the trial court as a plea and defense in abatement.

Appellants are bound by the theory and defense relied on and upon which the case was tried in the lower court, and will not be permitted to urge another and different theory and defense in this court. Where both parties to a suit try their case upon the same theory as to the issue tendered by the pleadings, they are bound by that theory. (*Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293; *Bielman v. Chicago etc. Ry. Co.,* 50 Mo. App. 151.)

Judgment affirmed, costs to respondent.

Givens and Morgan, JJ., concur.

Budge, C. J., took no part in the decision.