170 P.2d 403

**JOHNSON v. ALBERT.**

No. 7292.

Supreme Court of Idaho.

June 19, 1946.

J. H. Felton, of Moscow, for appellant.

J. M. O'Donnell, of Moscow, for respondent.

GIVENS, Justice.

Appellant sued to quiet title to residence property in Moscow, Idaho, on the theory that her father, respondent, had orally agreed to deed this property to her in consideration of her disposing of her own home and moving into the premises in question and there furnishing him room and board for life. In the main she so performed, though respondent was occasionally away, from 1942 until in 1944,

when he went to live with his son. During this time, appellant received and retained the rents from leased rooms in the house. Respondent paid the taxes and water bills.

Respondent denied the agreement and sought repossession of the property from appellant.

The court found no such contract was entered into between the parties. The sole ultimate issue in the case is whether there is sufficient evidence to sustain this finding, and the application of part performance of an oral contract to convey real estate as an exception to the statute of frauds, need not be discussed.

 Appellant plausibly argues the evidence in behalf of respondent's contention is more negative in character than that in favor of appellant and not as forceful; however, the burden of proof was upon appellant to prove the contract and its enforceability. Independence Placer Min. Co. v. Hellman, 62 Idaho 180, at page 191, 109 P.2d 1038; Rexburg Lbr. Co. v. Purrington, 62 Idaho 461, at page 468, 113 P.2d 511; Stickel v. Carter, 63 Idaho 78, at page 80, 117 P.2d 477; Hunt v. McDonald et al., 65 Idaho, 610, 149 P.2d 792, at page 794.

An oral contract to convey realty must be proved by clear, satisfactory, convincing and certain evidence. Deeds v. Stephens, 10 Idaho 332, at page 336, 338, 79 P. 77; Prairie Development Co., Ltd. v. Leiberg, 15 Idaho 379, at pages 391, 392, 98 P. 616; Lohse v. Spokane & Eastern Trust Co., 170 Wash. 46, 15 P.2d 271, at page 273; Payn v. Hoge, 21 Wash.2d 32, 149 P.2d 939, at page 942; 101 A.L.R. note page 998.

The record sustains the finding which is determinative of the controversy, because it is the trial court's prerogative to resolve questions of fact.

The judgment is, therefore, affirmed. Costs awarded to respondent.

AILSHIE, C. J., and BUDGE, HOLDEN, and MILLER, JJ., concur.