221 P.2d 686

**WORMWARD v. TAYLOR et al.**

No. 7590.

Supreme Court of Idaho.

July 11, 1950.

Rehearing Denied Sept. 9, 1950.

T. P. Wormward, Kellogg, Harry Kinsey, Coeur d'Alene, R. Max Etter, Spokane, Wash., for appellant.

Robert E. Brown, John J. Peacock, Kellogg, for respondents.

TAYLOR, Justice.

December 31, 1947, appellant, plaintiff below, brought suit to quiet title to a city lot in Kellogg, claiming by adverse possession and the payment of taxes "to own the same in fee against the whole world." The court found that plaintiff's title was good as against all except defendant E. W. Ryckman. As to him it found, substantially as alleged in his cross complaint, that in the month of November, 1938, the plaintiff and Ryckman entered into an agreement by the terms of which Ryckman (a plumber, then engaged in furnishing labor and materials to the plaintiff in various residential rental properties owned by plaintiff in Kellogg) agreed to furnish labor and materials, as requested by plaintiff, to the amount of $300, for which the plaintiff agreed to sell and convey the lot in question to Ryckman; that the price was fair and reasonable; that plaintiff gave defendant Ryckman possession of the lot and the defendant furnished labor and materials in the sum of $356.24; that in the months of June and July, 1939, the defendant constructed a plumbing shop on the property contracted for at a cost of $307.08; that defendant remained in continuous possession of the property until July, 1946, when, in his absence, the plaintiff took possession and rented the premises to another for use as a plumbing shop; that on several occasions between November, 1938, and July, 1946, the plaintiff advised the defendant that he would prepare the necessary papers to convey the property to

the defendant, and although requested to do so, never delivered any conveyance; that no accounting was ever had between the parties as to the amount of materials and services rendered by defendant, or of rent collected, or taxes paid, by plaintiff, and that there is no evidence to show that the plaintiff sustained any loss or damage in the transaction. Upon these facts the court concluded that the defendant Ryckman is entitled to a conveyance from the plaintiff and made and entered its decree accordingly.

The plaintiff first assigns the insufficiency of the evidence to sustain the findings. In a case involving an oral contract to convey realty, this court has held that the evidence to sustain such a contract must be clear, convincing and certain, Johnson v. Albert, 67 Idaho 44, 170 P.2d 403; also that this rule is to be applied primarily by the trial court, Jones v. Adams, 67 Idaho 402, 182 P.2d 963. The evidence supporting the contract in this case is of the quality required by the rule. Neither is the contract subject to the objection that its terms are uncertain. The property is specifically identified. The price and method of payment are established. The only element of uncertainty concerns the time for performance. However, since the defendant was currently performing services and furnishing materials, the contract will be construed as requiring performance within a reasonable time. 49 Am.Jur., Specific Performance, par. 27, page 41. The defendant completed performance in 1939, which, considering the continuous open account dealings between these parties, appears to be full compliance with this requirement.

The contract, though oral, having been fully performed by the purchaser and the purchaser having been given possession by the seller and having made valuable improvements on the property, the statute of frauds is satisfied and the purchaser is entitled to specific performance in equity. I.C. secs. 9-503 and 9-504. Chatterton v. Luker, 66 Idaho 242, 158 P.2d 809; Jones v. Adams, 67 Idaho 402, 182 P.2d 963; Wood v. Hill, Idaho, 212 P.2d 391; Grice v. Woodworth, 10 Idaho 459, 80 P. 912, 69 L.R.A. 584, 109 Am.St.Rep. 214; Coughanour v. Grayson, 19 Idaho 255, 113 P. 724; Wolf v. Eagleson, 29 Idaho 177, 157 P. 1122; 101 A.L.R. note page 1056.

The appellant assigns as error the failure of the court to find that the lot was the community property of himself and his wife. No evidence was introduced by either party as to whether the property belonged to the community estate, except that appellant's wife, Marie Wormward, while on the stand as a rebuttal witness for the plaintiff, testified that she and the plaintiff were married in 1910 and had since continuously lived together as husband and wife. This, of course, covered the period of time

during which the property was acquired by the plaintiff. We assume this testimony would be sufficient to raise the presumption that the property belonged to the community. However, that question is not before us. The plaintiff alleged that he was the owner "in fee against the whole world", thus taking the position that there was and is no outstanding interest, right or title in any other. Malone v. Peay, 157 Tenn. 429, 7 S.W.2d 40; Arnd v. Lerch, 162 Md. 318, 159 A. 587; United States v. Hyde, D.C., 132 F. 545; Black's Law Dictionary. From such a complaint, the defendant, Ryckman, would be justified in assuming that the plaintiff claimed the property as a part of his separate estate. In his cross-action he did not seek to make Mrs. Wormward a defendant, and to the cross-complaint the plaintiff filed only a general denial. If the lot was in fact community property, it became the plaintiff's duty, as manager of the community estate, to plead that defense. Not having done so, the issue was not raised by the pleadings and it appears from the record that Mrs. Wormward's testimony as to the marital status was not intended to inject the issue into the trial. The case was tried by both parties and determined by the court upon the theory that the lot was the separate property of the plaintiff. It is the established rule in this jurisdiction that issues not raised in the trial court cannot be presented to this court on appeal, and that the parties will be held to the theory upon which the cause was tried in the lower court. Brown v. Hardin, 31 Idaho 112, 169 P. 293; Milner v. Earl Fruit Co., 40 Idaho 339, 232 P. 581; Boise Payette Lumber Co. v. Bales, 52 Idaho 762, 20 P.2d 214; Peterson v. Universal Automobile Ins. Co., 53 Idaho 11, 20 P.2d 1016; Ivie v. W. G. Jenkins & Co., 53 Idaho 643, 26 P.2d 794; French v. Tebben, 53 Idaho 701, 27 P.2d 474, 475; Shepherd v. Dougan, 59 Idaho 465, 83 P.2d 468; Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758.

Appellant cites Cooper v. Pena, 21 Cal. 403, in support of his contention that the contract lacks necessary mutuality. There the court held that equity will not enforce specifically a contract for personal service, and that therefore the party who contracted to render such service cannot enforce it against the other, and that generally this mutuality of remedy must exist from the beginning. On this proposition, Pomeroy, in his Specific Performance of Contracts, Third Edition, page 431, notes that Cooper v. Pena has been repeatedly overruled. Appellant also cites Childs v. Reed, 34 Idaho 450, 202 P. 685; Zaring v. Lavatta, 36 Idaho 459, 211 P. 557; Elliott v. Craig, 45 Idaho 15, 260 P. 433; and Thomas v. Stevens, 69 Idaho 100, 203 P.2d 597; where it is said that the element of mutuality must exist at the inception of the contract. It is noted that in these cases the contracts were executory and the mutuality which was held essential was mutuality of

obligation. Want of mutuality of obligation strikes down the contract itself, from which it follows that neither party can have specific performance. Mutuality of remedy is quite a different thing, and is not in all cases required to exist at the inception of the contract. The distinction is well stated in paragraph 166 of Pomeroy's, supra. The general rule is that where the plaintiff has fully performed the services contracted for the objection of want of mutuality of remedy no longer exists as a ground for denying specific performance. 49 Am.Jur., Specific Performance, sec. 137, page 161; Pomeroy's, supra, notes page 430; 58 C.J., Specific Performance, sec. 30, page 874; see also 101 A.L.R. note p. 1095. "Want of mutuality cannot be predicated of an agreement wholly executed by the party seeking specific performance," Chicago, M. & St. P. Ry. Co. of Idaho v. U. S., 9 Cir., 218 F. 288, 301; Henry Keep Home v. Moore, 198 Okl. 198, 176 P.2d 1016. The reason for the rule is that, where the plaintiff has fully performed, the court is primarily concerned with the question as to whether or not the services can be adequately compensated at law, or must equity decree specific performance to do complete justice.

Decree affirmed. Costs to respondents.

HOLDEN, C. J., GIVENS and PORTER, JJ., and SUTTON, District Judge, concur.