### WILLIAM F. RAYMOND'S LESSEE *v.* NICHOLAS LONGWORTH.

In the State of Ohio, it is not a sufficient description of taxable lands to say, "Cooper, James, 5 acres, section 24, T. 4, F. R. 1." A deed made in consequence of a sale for taxes under such a description is void. The courts of Ohio have so decided, and this court adopts their decision.

This case was brought up, by writ of error, from the Circuit Court of the United States for the District of Ohio.

It was an ejectment, brought by Raymond, for the following property, viz.:— All that certain tract of land in the western part of Cincinnati, commencing thirty feet north of Nicholas Longworth's individual property, on the west side of Mill Creek road, thence north, on the line of said road, five hundred feet, and extending back, the same width, at right angles with said road, four hundred feet.

The facts are set forth in the opinion of the court.

It was argued by *Mr. Chase*, for the plaintiff in error, and submitted, on printed argument, by *Mr. Stanberry*, for the defendant in error.

The bill of exceptions brought up other points besides the one upon which the judgment of this court rested; but it is not necessary to notice them.

The following authorities were cited by *Mr. Stanberry*, in support of the ruling of the Circuit Court.

The entire record having been admitted in evidence, the defendant requested the court to instruct the jury, "that the description of the lot upon the duplicate, as appears by the abstract aforesaid," (Exhibit D,) "was not a pertinent description of the lot, such as the statute required; and, therefore, that the forfeiture to the State of Ohio was illegal and void, and the subsequent sale, by the auditor of Hamilton county, to Charles Phelps, was also void."

This instruction, as prayed by the defendant, was given by the court; and the plaintiff excepted to this opinion of the court also.

On the validity of this exception turns the principal question in the case.

In behalf of the defendant, and in support of the ruling of the court on this point, we deem it unnecessary to do more than point out the utter want of certainty in the description of the land, as contained upon the duplicate for taxation, and in the advertisements for sale and returns, as exhibited throughout the abstract from the record (Exhibit D, aforesaid); and, having done so, refer the court to the uniform course of decision in Ohio upon the subject, — invariably holding such descriptions invalid, and forfeitures and sales under them void. Indeed, all this is fully and sufficiently done in the circuit report of the present case. 4 McLean's Rep. 481; and in the case of Miner's Lessee *v.* McLean's Assignee, 4 McLean's Rep. 138.

We shall, therefore, only briefly state, that the description of the lands, as shown by this record, upon the duplicate of taxes, and in the various returns and advertisements, is thus throughout:

"Cooper, James, 5 acres, S. 24, T. 4, fr. R. 1, Cincinnati. Value $830. Amount due, $———."

This is to be read substantially thus : — "Five acres *in* section 24, fractional range 1, Cincinnati, valued at 830 dollars," &c.

The uncertainty of description, which renders the title void, consists in its being wholly impossible to know in what part of the section this particular lot of five acres is located. Entire sections contain 640 acres, and these five acres, so far as appears, may as readily be in one part as another.

Such descriptions have been holden void by the Supreme Court of Ohio, in the following cases: Lessee of Massie's Heirs *v.* Long et al., 2 O. R. 287; Lessee of Treon *v.* Emerick, 6 O. R. 391; Lessee of Laferty *v.* Byers, 5 O. R. 458. See also, 15 O. R. 134; 16 O. R. 24.

Mr. Justice CATRON delivered the opinion of the court.

Raymond sued Longworth, in the Circuit Court of Ohio, for a piece of land, containing about five acres, lying in the western part of the city of Cincinnati. The plaintiff claimed title, under a sale for State taxes, for the years 1837 and 1838, made by the Auditor of Hamilton county, to Charles Phelps, for eighty dollars.

The land had been listed for taxation, as the property of James Cooper. The description on the tax-list, and in the subsequent return to the State Auditor, and in the advertisements of the property for sale, was as follows : — " Cooper, James, 5 acres, sec. 24, T. 4, F. R. 1." The taxes not having been paid, and the land being advertised and offered for sale, by the Auditor of Hamilton county, and no bid being made for it, it was returned to the General Auditor, as forfeited to the State, and he again ordered the land to be advertised and sold. On the trial below, it was insisted that the description of the premises was vague on the tax-list, and in the duplicate returned to the State Auditor, and in the advertisements offering the land for sale ; that no forfeiture could be founded on such description, nor a valid sale be made. And so the Circuit Court instructed the jury, pronouncing the County Auditor's deed to Charles Phelps void. And the question presented is, whether the description was sufficient.

The uncertainty consists in not setting forth in what part of section 24 the five acres are situated.

It is settled, by the Supreme Court of Ohio, that the tax-list, and the duplicate transmitted to the State Auditor, as well as the advertisement, must describe the land so that its identity may be ascertained from the description, either by the owner, who wishes to pay the taxes before it is offered for sale, or that he may redeem after a forfeiture is pronounced ; or that the public may be assured what is offered for sale

We refer to the description in the leading cases, where the sales were pronounced void for want of sufficient certainty. In Mathews v. Thompson, 5 Ohio, the description was, " 100 acres, sec. 4 township 7, range 4." In 5 Ohio, 458, " Haines, John, No. entry, 4401 ; original quantity, 170 acres ; quantity taxed, 70 acres." In 6 Ohio, 399, " Sixty acres, part of the N. half of S. 13." In 16 Ohio, 25, there had been listed 333 acres, as part of an original survey for 1,000 acres, without specifying in what part of the 1,000 acres the 333 acres lay. In each of the cases cited, it was held, that the description was vague and the sale void. Here, the five acres are listed, and advertised as part of section 24, and the description is equally vague as any of the foregoing. And, as the State courts have

settled what certainty is required, it is our duty to follow their decisions on the State laws, regulating proceedings in cases of tax-sales. We accordingly order the judgment of the Circuit Court to be affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Ohio, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.