## YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ADAMS.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 35. Leave to file petition for rehearing granted February 25, 1901.—Decided May 20, 1901.

The railroad company filed a bill to enjoin the collection of certain state taxes from 1892 to 1897 inclusive. This court held that a new corporation was formed by a consolidation of certain prior corporations made October 24, 1892, and that the taxes having accrued subsequent to that date were legally assessed under the state constitution of 1890, (180

U. S. 1). The railroad company moved for a rehearing with respect to the taxes of 1892 upon the ground that they accrued prior to the consolidation of October 24. *Held:* That as the Supreme Court of Mississippi had decided that all the taxes had accrued after the consolidation of October 24, and the company had thereby lost its exemption; and as this was a construction of the general tax laws of the State, which were complex and difficult of interpretation, this court would accept that construction and deny the petition for a rehearing.

THIS was a petition for a rehearing of the case reported in 180 U. S. 1, upon the ground that the taxes for the year 1892 were separable from taxes for the succeeding years, inasmuch as the taxes for that year had been completely levied and assessed on September 22, 1892, and that the claim of the State, if any, had fully accrued at least one month before the articles of consolidation were executed, (October 24, 1892,) and that the judgment therefore gave to the consolidation a retrospective effect.

*Mr. William D. Guthrie, Mr. J. M. Dickinson, Mr. Edward Mayes* and *Mr. Noel Gale,* for the Railroad Company, petitioner.

*Mr. F. A. Critz, Mr. Marcellus Green* and *Mr. R. C. Beckett,* for Adams, opposing.

MR. JUSTICE BROWN delivered the opinion of the court.

The decision of this case was based upon the theory that all the taxes involved in the case, from 1892 to 1897, accrued subsequent to the consolidation of October 24, 1892, which was held by this court to create a new corporation, subject to existing laws, and particularly to that provision of the constitution of 1890, " that every new grant of corporate franchise shall be subject to the provisions of the constitution." No suggestion was made, in the argument or briefs of the railroad company, of any distinction in respect to the liability of the company between the taxes of the year 1892 and those of subsequent years, and none such was recognized by the court in its opinion; but we are now asked to hold that the taxes for the year 1892 accrued before the consolidation of October 24, and were

consequently unaffected by that consolidation, and that with respect to such taxes the right of commutation or exemption, contained in section 21 of the charter of the Mobile and Northwestern Railway Company, attached and operated to exempt the company from the payment of taxes for the year 1892.

We have not found it necessary to decide whether a party, upon a petition for a rehearing in this court, may avail himself of a point not taken in the court of original jurisdiction, or upon either one of two appeals to the Supreme Court, nor in the assignment of errors in this court, nor even called to our attention in the briefs or arguments of counsel, as we are of opinion that upon the merits the petition must be denied.

Whatever force we might be disposed to give to prior adjudications of the Supreme Court of Mississippi upholding these exemptions, there can be no doubt that that court has expressly held that the taxes for the year 1892 did not accrue until after the consolidation of October 24 of that year, and hence that this case does not fall within those adjudications. We quote the following from the opinion of the court of February 20, 1899, upon a second appeal to that court: " So far as concerns the argument that the appellants relied on the case of *Mississippi Mills* v. *Cook*, (56 Miss.,) and that, if the overruling of that case is correct, nevertheless the appellants should be protected from taxation accruing before the overruling of that case, it is enough to say that question is not material here, since all the taxes here sued for accrued after the consolidation of October 24, 1892, and the appellants were expressly held to have lost their exemption, if any they had, by their own voluntary act of consolidation. That was the first and main ground on which our former opinion was distinctly rested. It must be too clear for serious disputation, in this view, that all discussion of the case of *Mississippi Mills* v. *Cook* is wholly unavailing as to these taxes." 77 Mississippi, 194, 316.

Whether this opinion be conclusive upon us in view of the argument that a contract has been impaired in violation of the Constitution, we do not feel called upon to decide. The statutes of the State of Mississippi necessary to be considered for the purpose of ascertaining whether the taxes for the year 1892

accrued prior to October 24 of that year, are complex and difficult of interpretation. Assuming that we may exercise an independent judgment respecting their construction, the examination we have given them leaves us in great doubt whether the argument that the taxes had accrued prior to the consolidation is a sound one. The right asserted depends upon a comparison and construction of such statutes; and the settled rule of this court is that, even in a case where we may exercise an independent judgment, any reasonable doubt will be resolved in favor of that construction of the state statute which has been adopted by the court of last resort in that State. *Burgess* v. *Seligman*, 107 U. S. 20; *Flash* v. *Conn*, 109 U. S. 371, 379; *Clark* v. *Bever*, 139 U. S. 96; *Board of Liquidation* v. *Louisiana*, 179 U. S. 622.

Had the opinion above cited involved the construction of section 21 of the Mobile and Northwestern charter—that is, the contract for commutation or exemption—it would have directly involved a Federal question; but it did not. It was an opinion as to when, under the general laws of the State of Mississippi, a claim for taxes accrued, and a distinct ruling that such taxes did not accrue until after a certain date. *Raymond's Lessee* v. *Longworth*, 14 How. 76, 79; *Bailey* v. *Magwire*, 22 Wall. 215. For the reasons above stated we accept the views of the Supreme Court of Mississippi as to the proper construction of these laws.

The petition for a rehearing must therefore be

*Denied.*