Points Decided.

(November 28, 1913.)

GEORGE W. JOHNSON, Appellant, v. WILLIAM SOW-DEN, Appellant, and D. W. TEETERS, M. T. HAR-LAN and F. E. THOMPSON, Defendants.

[136 Pac. 1136.]

ACTION TO QUIET TITLE—ADVERSE POSSESSION—TAX SALE.

1. Where the evidence shows that J. was in open, notorious and adverse possession of the land for more than five years continuously before the date of the trial, and that he paid the taxes assessed against his possession, and made improvements upon the land by building a house and barn and fencing a portion of said land, and it appears that S. claims a title upon three tax receipts for the years 1907, 1908 and 1909, and the holder of the tax receipts was at no time in possession of said land or made any improvements upon the same and never demanded or received a deed based upon the tax receipts or from any person who had any title or claim to said property, and J. has shown his title by adverse possession, and S. has shown that he has a lien upon the land for the taxes he paid, with interest, for the years 1907, 1908 and 1909, it is error on the part of the trial court to enter a judgment quieting the title to each of the parties to a part of the tract of land.

2. In an action to quiet title, where it is shown that J. and S. both claim title, one by adverse possession and the other by reason of being holder of three tax receipts for the years 1907, 1908 and 1909, and J. showed by the evidence that he has complied with the law as provided in secs. 4041, 4042 and 4032, Rev. Codes, and the holder of the tax certificates never returned the same or demanded a deed of said lands upon the certificates and never went into possession of the land, the adverse possession should not be defeated by the lien of the tax certificates, but the adverse owner should pay to the holder of the tax certificates the amount due for taxes under the law.

APPEAL from the District Court of the Fourth Judicial District for Blaine County.   Hon. Edward A. Walters, Judge.

An action to quiet title.   Judgment modified.

Sullivan, Sullivan & Baker, for Appellant Sowden.

"Occupation of another's land, in the belief that it is unclaimed land belonging to the state, is not adverse possession." (*Schleicher v. Gatlin*, 85 Tex. 270, 20 S. W. 120.)

Where the occupation of land is by a mere mistake, and with no intention on the part of the occupant to claim as his own land which does not belong to him, but intends to claim only to the true line, wherever it may be, the holding is not adverse. (1 Cyc. 1037, 1038, and cases cited.)

This court in construing sec. 4043 has repeatedly held that in order to acquire title by adverse possession, whether claimed under color of title or not, it is necessary that the adverse claimant shall have paid all taxes assessed against the land according to law. (*Swank v. Sweetwater Irr. etc. Co.*, 15 Ida. 353, 98 Pac. 297; *Green v. Christie*, 4 Ida. 438, 40 Pac. 54; *Brose v. Boise City R. etc. Co.*, 5 Ida. 694, 51 Pac. 753; *Little v. Crawford*, 13 Ida. 146, 88 Pac. 974; *Brown v. Brown*, 18 Ida. 345, 110 Pac. 269.)

We find no provision of the statute authorizing the acquisition of title by adverse possession without color of title, where the land has not been usually cultivated or improved or substantially inclosed, and where taxes have not been paid by the adverse claimant or those under whom he claims. In the case at bar Johnson had inclosed only about five or six acres and had cultivated but a small portion of the same. Without color of title there can be no constructive possession. (1 Cyc. 1122, 1123; *Brumagim v. Bradshaw*, 39 Cal. 24; *Madden v. Hall*, 21 Cal. App. 541, 132 Pac. 291; *Saxton v. Hunt*, 20 N. J. L. 487; *Miller v. Shaw*, 7 Serg. & R. (Pa.) 129; *Hamilton v. Flournoy*, 44 Or. 97, 74 Pac. 483; *Grant v. Oregon Nav. Co.*, 49 Or. 324, 90 Pac. 178, 1099; *Polack v. McGrath*, 32 Cal. 15; *Sunol v. Hepburn*, 1 Cal. 254; 1 Am. & Eng. Ency. of Law, 861, and cases cited.)

At the time of the redemption by Johnson, he had no right or title to or interest in the land such as would authorize him to redeem or would authorize the officials of Blaine county to permit him to redeem. (Jaggard on Taxation,

p. 622; *Da Silva v. Turner,* 166 Mass. 407, 44 N. E. 532; *Rutledge v. Price County,* 66 Wis. 35, 27 N. W. 819.)

A mere occupant of premises is not entitled to redeem. (*Frazier v. Johnson,* 65 N. J. L. 673, 48 Atl. 573.)

The pretended redemption of appellant Johnson could in no way prejudice the right of appellant Sowden. (37 Cyc. 1387; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674.)

J. G. Hedrick, for Appellant G. W. Johnson.

As the plaintiff showed that he had been in open, notorious and adverse possession of this land for more than five years continuously, before the date of the trial, and had paid the taxes thereon, under our statutes he held the land by adverse possession. (Secs. 4041, 4043, Rev. Codes; *Cramer v. Walker,* 23 Ida. 495, 130 Pac. 1002; *Craven v. Lesh,* 22 Ida. 463, 126 Pac. 774.)

The plaintiff having established a *prima facie* case, the burden was then upon the defendant, under his cross-complaint, to show title in himself, and he must stand or fall by his own title. (*Lougee v. Wilson* (Colo. App.), 131 Pac. 777.)

A tax certificate is not evidence of title and does not pass title, and cannot be admitted for the purpose of establishing title to land. It vests in the purchaser only a lien for the sum paid. (*Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.)

STEWART, J.—This is an action to quiet title to the N. ½ of the S. E. ¼ and N. ½ of the S. W. ¼, sec. 2, twp. 1 N., R. 18 E., B. M. The complaint is in proper form in an action to quiet title. The defendant filed an answer denying all the allegations of the complaint, and also a cross-complaint alleging a cause of action to quiet the title to the same property described in the complaint, which is in proper form in an action to quiet title. This cross-complaint was met by a denial of the allegations contained therein. Upon these issues the case went to trial. The parties stipulated that the findings of fact and conclusions of law in the above-entitled action be waived.

Upon the evidence and the pleadings the court entered a decree wherein the, title of plaintiff is quieted to the following lands which were included in the lands described in the complaint and also the cross-complaint: The N. E. ¼ of the S. E. ¼ of sec. 2, twp. 1 N., R. 18 E., B. M., together with the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining. It was also decreed that the defendants were perpetually estopped and enjoined from setting up any claim thereto or to any part of the property decreed to plaintiff.

The court also decreed that the defendant's title was quieted to the N. W. ¼ of the S. E. ¼ and the N. ½ of the S. W. ¼ of sec. 2 in twp. 1 N., R. 18 E., B. M., together with the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining, and that the plaintiff was perpetually estopped and enjoined from setting up any claim thereto or to any part of the property decreed to defendant.

The plaintiff appeals from that portion of the decree which decrees to the defendant the land above described, and the defendant likewise appeals from that portion of the decree quieting title in plaintiff to the lands described.

A stipulation was filed by counsel for the respective parties that the two appeals be consolidated and that the same transcript be used by both parties.

The appellant Sowden assigns errors as to the insufficiency of the evidence, that it was not sufficient to sustain that portion of the judgment or decree quieting title in Johnson to the lands described in that decree, 1st, in that it fails to show that Johnson had any right, claim or interest in said property; 2d, in that it fails to establish that the plaintiff had any right, claim, interest or title in the same or any portion thereof sufficient to entitle him to redeem the same from the tax sale. Then follows a number of errors of law which will be taken up after a consideration of the errors assigned as to the sufficiency of the evidence.

The appellant Johnson specifies errors in the insufficiency of the evidence to sustain the decree of the district court as

follows: 1. That the defendant Sowden is the owner of the
land decreed to him; 2. That the adverse claim of the plain-
tiff Johnson to the land is invalid and groundless. Then fol-
low errors of law which we will consider in order in the
opinion.

We will consider the evidence in support of the title to the
land in question by virtue of the possession of Johnson.
The facts as to Johnson's title are, that the government
issued a patent to the land in controversy to one William C.
Morse; that Morse and wife deeded the land to M. T. Harlan,
and Harlan and wife deeded the land to Duncan W. Teeter;
that subsequently Teeter deeded it by quitclaim deed to the
plaintiff Johnson. Johnson testified in this case, and his
evidence was corroborated by his son and other witnesses,
that he lived on the land described since December 23, 1905;
that he has built a house and stable on the land, costing
about $125, has fenced about 40 acres with a substantial
fence and cultivated about fifteen acres; that in 1906 he
had the land assessed to an unknown owner with the intention
of buying the tax certificate, but that Sowden "beat him to
it." He afterward redeemed the tax certificate and paid to
the county treasurer the sum of $23.98, and the treasurer
issued to him a printed certificate dated June 7, 1909, for the
sum paid and a description of the land, and that the same
was assessed to unknown owner and sold to William Sowden,
and there was indorsed on the same "tax redemption fund
$23.98."

On June 8, 1910, the plaintiff, by his attorneys, served on
the tax collector notice: "July 8, 1907, there was sold at tax
sale, by your predecessor in office, the following property,
assessed to unknown owner, viz.: [describing the property
involved in this case]. Property was bought in by William
Sowden for $17.97. On June 7, 1909, George W. Johnson
redeemed said property from said tax sale, paying the money
to the county treasurer through the county recorder, and the
tax records were marked showing such redemption. Mr.
Sowden, however, has not surrendered his certificate of tax
sale, and this is notice to you to caution you not to issue a

tax deed to said Sowden or anyone else, upon said certificate, as the same has been redeemed as aforesaid. You can readily verify these facts from the records in the office of the auditor and recorder. Very respectfully, George W. Johnson. By McFadden & Brodhead.'' This was served upon the tax collector.

Objection was made to the introduction of this in the following form: ''But object to it.'' No reasons are assigned why the objection is made or any reason given why the same is not admissible and the trial court overruled the objection. There was no error in the ruling.

This is a brief statement of the facts shown by the proof offered by the plaintiff. The defendant Sowden, in support of his claim that he is the owner of the property, and to prove his title, testifies that he purchased the land at a tax sale on the 8th day of July, 1907, and the certificate was received in evidence showing the sale by the tax collector and that it was struck off to William Sowden, who was the bidder who offered to pay the taxes, penalties, costs and charges due thereon, amounting to $17.97. The defendant also introduced tax receipts for the taxes assessed against the property in controversy for the year 1907, amounting to $15.20 and for the year 1908, $99.40, and for the year 1909, $86.14. He also testifies that he has paid the taxes for the years 1910 and 1911, and that he holds receipts for the taxes. They were not, however, introduced in evidence for the years 1910 and 1911.

The defendant also introduced evidence showing that the improvements made by Johnson were not so large as fixed by the witnesses for Johnson, but such evidence is so indefinite that the amount cannot be ascertained, and we are satisfied upon this point that the preponderance is with the plaintiff.

As shown by the record, a patent was issued from the United States government to Morse; Morse and wife deeded the land to Harlan; Harlan and wife deeded the land to Duncan W. Teeter. After the above transfers were made Johnson learned that Teeter owned the land upon which he had settled and upon which he constructed his improvements, and that it

was not government land, as he supposed when he located there. After he discovered this fact he began to investigate the condition of the title and to locate Teeter, and he finally succeeded and secured from Teeter the quitclaim deed for the land on the 19th day of ————, 1912, which quitclaim deed was filed with the recorder of Blaine county the 23d day of February, 1912. This deed conveyed the N. ½ of the S. E. ¼ and the N. ½ of the S. W. ¼ of sec. 2, twp. 1 N., R. 18 E., B. M., 160 acres.

At the time Johnson made his location on said land his family consisted of himself, his wife and five children. At that time he thought the land was government land and that upon establishing their residence and occupancy his son would file a homestead upon the said land; but soon after he settled upon the land he ascertained that it was not, and in 1906, about a year after the settlement, he had the same assessed by the assessor to an unknown owner with the intention to buy the tax certificate, but Sowden beat him to it; but he did in fact redeem the land and paid the county treasurer and received a receipt therefor for the sum due at the time, June 7, 1907, of the tax sale, at which Sowden received his certificate of sale. The certificate of sale was dated July 8, 1907. (Sec. 1770, Rev. Codes.)

The evidence in this case is decisive as to the payment of taxes upon the land in controversy. Johnson testifies that he paid the taxes every year since he went into possession of the land, but that he had the land put on the tax-roll in the name of an unknown owner, because he was not sure whether Teeter was the owner, and that thereafter he paid the taxes and took receipts. The receipts, however, were not introduced and there was very little examination of the witnesses as to what became of the receipts, but the evidence shows that the land was placed on the tax-roll at his request. It is shown that the property was not assessed in the name of Johnson or Sowden at any time, and where it is shown that Johnson was in possession of the property, and paid or tendered the taxes assessed against the land, regardless of the time or priority of payment of taxes by another party, where

the other party is not the owner and is the holder of a tax certificate after payment, this is a lien upon the land for the taxes each year until the deed is issued. This certificate should not defeat the rights of the adverse party.

At the date of the trial Johnson had been in open, notorious and adverse possession of the land for more than five years continuously, except a part of the winter at two periods, when he spent a short time with his daughter away from home at school, and his title to said land was finally completed by quitclaim deed from Teeter, who was the patentee, which was dated the 19th day of January, 1912. By this quitclaim deed D. W. Teeter does "remise, release and forever quitclaim" the lands involved in this case "together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof," and at the time this action was tried George W. Johnson, the plaintiff in this action, secured a title to said land by a written conveyance from the owner, D. W. Teeter.

It has been urged that under the provisions of sec. 1770, Rev. Codes, Johnson had no right to redeem from the previous tax sale. The statute says: "Redemption of the property sold may be made by the owner or any party in interest within three years from the date of the purchase." It would seem that a party who was in possession of the property under claim of right at the time it was sold for taxes and who continued in the exclusive possession from that time on until redemption was made might be a "party in interest" within the meaning of the foregoing statute, especially in a case where the purchaser at tax sale had no interest in the property whatever except such as he acquired by tax certificate and where the purchaser of such certificate has never at any time been in possession of the property. It would seem that this would constitute at least color of title, in so far as it concerned a stranger purchasing land at tax sale, where the land has been assessed to "an unknown owner." (*Johnson v. Hurst,* 10 Ida. 308, 77 Pac. 784.) The following authorities

would seem to support this view: *Foster v. Bowman*, 55 Iowa, 237, 7 N. W. 513; Jaggard on Taxation, p. 622.

In this case it should also be remembered that the controversy arose and was originally waged between strangers to the record title, Johnson entering upon the land, thinking, in the first place, that it was public domain, and subsequently discovering that it was deeded land. It was thereafter assessed to an "unknown owner" and Sowden purchased it at tax sale. Neither one connected himself with the record title until this action was instituted, whereupon Johnson procured a deed from the owner of the legal and record title. He is therefore in a position at this time to aid his adverse possession which was at all times good as against all the world, except the owner of the legal and record title, by the legal title acquired from the original owner.

Sowden has never been in possession of said land or any part thereof. He has never made any improvements upon said land; he has never claimed title to said land except his claim under his tax receipts for 1907, 1908 and 1909, and has never received a deed based upon the tax certificates or any one of them for any of the years named in the same. By reason of the above tax receipts he has a lien upon said lands for the taxes he has paid, and Johnson should be required to pay such taxes that are due, with interest from the time that Sowden paid the taxes for the years 1907, 1908 and 1909.

It is clear from the facts stated as to Johnson's adverse possession that the record shows that such possession was open, notorious and adverse possession of the land for more than five years continuously before the date of the trial, and that he paid the taxes thereon. Sec. 4041, Rev. Codes, provides:

"For the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:

"1. Where it has been usually cultivated or improved;

"2. Where it has been protected by a substantial inclosure;

"3. Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber for the purpose of husbandry, or for pasturage, or for the ordinary use of the occupant;

"4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

The evidence supporting Johnson's title upon the ground of adverse possession shows that Johnson complied with the usual course and custom of the adjoining country where this land was cultivated, and the evidence shows that he cultivated fifteen acres and constructed a house and barn and inclosed forty acres of the land, and intended such improvements to become a part of the entire 160 acres, which brings it within the provisions of subd. 4 of sec. 4041. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Craven v. Lesh,* 22 Ida. 463, 126 Pac. 774; *Cramer v. Walker,* 23 Ida. 495, 130 Pac. 1002.)

We therefore hold in this case that Sowden is not the owner and is not entitled to have his title quieted to the N. W. ¼ of the S. E. ¼ and the N. ½ of the S. W. ¼ of sec. 2, twp. 1 N., R. 18 E., B. M.; that the part of the decree of the lower court from which the plaintiff appeals should be modified and a decree entered quieting the title to plaintiff to the N. ½ of the S. E. ¼ and the N. ½ of the S. W. ¼ of sec. 2, twp. 1 N., R. 18 E., B. M. The trial court is also directed to require Johnson to pay to the clerk of the district court the amount of taxes paid by Sowden upon the land in controversy for the years 1907, 1908 and 1909, with interest as provided by law. The costs in this case, both in the district court and on this appeal, are awarded to the plaintiff. The taxes for the year 1906 were paid by Johnson in redeeming the land and the money was paid to the county treasurer.

The judgment is modified. Costs awarded to plaintiff.

Ailshie, C. J., and Stevens, District Judge, concur.