### LANDRY *v.* BEDOU.

(Division B. March 27, 1933. Suggestion of Error Overruled April 24, 1933.)

[147 So. 298. No. 30496.]

J. F. Galloway, of Gulfport, for appellant.

J. L. Taylor, of Gulfport, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Bedou, filed a bill in the chancery court of Harrison county to cancel a tax deed to certain lots situated in Pass Christian, Mississippi, alleging that he had paid the taxes on the land embraced in the tax deed, and that there was a double assessment of the property involved.

The land was assessed on the roll as shown in the tax receipt as "1 lot S. by Jones, N. by Hunter, E. by Clarence, W. by Burke, Pass Christian." The other assessment under which the tax sale was made, is "1 lot 90 ft. front, Section 26, T. 8, R. 13, S. by Jones, E. by Clarence Ave., N. by Smith, W. by Burke."

It was agreed in the record that the appellant was the owner if the tax sale was valid, and that the appellee was the owner if the assessment and payment of taxes constituted a valid payment thereof.

A map was introduced in evidence made by J. F. Galloway, which was agreed to be a correct description of the

property, and that the land marked thereon "Bedou" is the property involved.

"EXHIBIT" "A"

The proof showed that the land intended to be described in each assessment is the same identical land, and that it faces east on Clarence avenue, and is bounded on the south by Jones, on the north by Bonner, and on the west by Burke.

We think the parol evidence introduced was competent, and that the proof was sufficient to justify the chancellor's decree. The matter of the assessment and the tax receipt was subject to explanation by parol evidence, and such evidence was sufficient to establish the fact that the taxes had been paid upon the correct land owned by the appellee at the time the assessment was made and the taxes paid thereon.

There being a double assessment, and the owner having paid on his property the correct amount of taxes due thereon, the tax sale was void, and the chancellor did not err in canceling it. The judgment will be affirmed.

Affirmed.