EDWIN B. DE GOLIA AND EVA R. DE GOLIA, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91130.  Promulgated October 31, 1939.

*R. A. Bronson, Esq.,* and *Walter Hood, C. P. A.,* for the petitioners. *Alva C. Baird, Esq.,* and *Arthur L. Murray, Esq.,* for the respondent.

OPINION.

HARRON: Petitioners did not include the sum of $20,000 in gross income for the year 1935. The Commissioner added that amount to taxable income as prepaid rent, taxable in the year of receipt. Whether or not the determination of the Commissioner is correct depends upon the construction to be placed upon the terms of the lease and upon the special considerations which must be given to the receipt of income, under the pertinent revenue act, by taxpayers reporting income on a cash basis.

The considerations here necessarily differ from considerations which would be pertinent in another type of proceeding where, for example, under local law, a lessee seeks to recover a sum paid in advance under a lease upon termination of or breach of a lease. Petitioners' argument that the question is to be considered with regard for what is contended to be the law of the State of California relating to deposits under leases, suffers from failure to give more consideration to the rule that, for purposes of taxation, earnings of property are gross income in the year received by a taxpayer on a cash basis, where there is no present restriction on the use of the money received, and where the possibility of having to return any of such income in future years is only a remote contingency.

Petitioners contend that they did not receive title to the $20,000 paid to them by the lessee under the particular lease and that, consequently, they are not taxable thereon. The contention is that the payment was a mere deposit as security for performance by the lessee and that title to the money remained in the lessee. Numerous decisions of courts of the State of California are cited to support the contention. However, our examination of the cases cited shows that there is no clear-cut rule and in each case the question may be whether an advance lump-sum payment, under a lease, is an absolute payment in consideration for the execution of a lease, or an advance payment of rent, or a deposit given to secure performance by the lessee. The terms of each particular lease are controlling and it is not the form of the particular terms, but the substance thereof, which is determinative. *Sullivan* v. *Johnson*, 116 Cal. Supp. 591; 3 Pac. (2d) 72. The question here must be considered by reference to the terms of the lease, as determinative of the nature of the payment in question for purposes of taxation.

Careful reading of the terms of the lease shows that no provision is made anywhere for the return of any part of the advance payment of $20,000 to the lessee. The payment was required under the rent provisions of the lease. The payment was both a down payment and a payment of rent in advance. It apparently constituted part of the consideration for the execution of the lease. When the sum was re-

ceived, the right of the lessors to the money in question was absolute. That the term "deposit" is used in the lease to describe the payment, is not determinative. Even though the advance payment served to bind the lessee to strict compliance with the terms of the lease, it is a presumption that contracts will be observed and not broken, *Wells* v. *Savannah*, 181 U. S. 531; *Central Trust Co.* v. *Chicago Auditorium Association*, 240 U. S. 581, and such effect of the advance payment does not prevent it from being held to be income in the year received. *United States* v. *Boston & Providence Railroad Corporation*, 37 Fed. (2d) 670. Since the lease does not provide, in any way, for return of the payment to the lessee, it can not be concluded that there was even a contingent liability at the time of the payment to return any part, in the future, to the lessee. The lease leaves unstated any provisions for the use of the $20,000 payment in the event of any breach of covenant by the lessee, and it clearly provides that the payment is to be applied to rent. Nothing in the lease indicates that the advance payment was a loan to the lessors. In our opinion, under the terms of the lease the payment, in substance, was an advance payment of rent. Petitioners received the payment without any obligation to return it to the lessee and, being on the cash basis, they are taxable upon the $20,000 in the taxable year. It is so held, upon authority of the following cases: *Renwick* v. *United States*, 87 Fed. (2d) 123; *Brown* v. *Helvering*, 291 U. S. 193; *Commissioner* v. *Lyon*, 97 Fed. (2d) 70; *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, 424; *Grand Central Public Market* v. *United States*, 22 Fed. Supp. 119.

*Decision will be entered for the respondent.*