(No. 6943.   September 24, 1941)

A. C. STICKEL, Respondent, v. ISABELLA CARTER, JOHN T. TAGGART, * * * FRANCIS B. CHAPMAN sometimes known as F. B. Chapman and ANNE CHILSON CHAPMAN, his wife, * * * * Appellants.

(117 Pac. (2d) 477)
Rehearing denied October 7, 1941

F. E. Tydeman, for Appellants.

R. J. Dygert, for Respondent.

GIVENS, J.—Respondent brought suit to quiet title to two patented sulphur mining claims variously and ununiformly described in the filings on, and locations and transfers thereof, but now sufficiently known and described as Lot 38 and Lot 1351 with their respective descriptions by metes and bounds, in the Southwest quarter and the Southeast quarter of Section 2, Township 9 South, Range 42 E. B. M., in the Soda Springs Mining District as set forth in the complaint and decree. Numerous parties were named as defendants. All defaulted except Caribou County and the appellants Chapman and wife (hereafter referred to as appellants).

Caribou County filed the following disclaimer: "Comes now Caribou County one of the defendants in the above entitled action and disclaims any interest in and to the real property described in the complaint in the above entitled action except that Caribou County has a lien on said premises for the 1939 taxes as shown by tax collectors No. 1598, for $12.02, together with penalty and interest." Appellants filed an answer and cross-complaint asserting title in themselves and asking only that such be so quieted.

The facts are contained in the abstract of title introduced over appellants' objection that the abstract did not show title in respondent and a stipulation reciting substantially, so far as pertinent, that respondent has been in possession of the property since September 15, 1922; that appellants and their joint predecessors in interest went into possession March 8, 1937, and claim under a deed from Caribou County, which received the property because of delinquent and unpaid taxes.

It is axiomatic that in a quiet title suit each party must recover on the strength of his own title. (*Washington State Sugar Co. v. Goodrich*, 27 Ida. 26, 147 Pac. 1073; *Steinour v. Oakley State Bank*, 45 Ida. 472, 262 Pac. 1052; *Snell v. Stickler*, 50 Ida. 648, 299 Pac. 1080; *Federal Land Bank v. Union Central Life Ins. Co.*, 51 Ida. 490, 6 Pac. (2d) 486; *Kantola v. Hendrickson*, 52

Ida. 217, 12 Pac. (2d) 866; *Gerber v. Wheeler,* (Ida.) 115 Pac. (2d) 100.)

The descriptions in the transfers to the county which are the basis of appellants' asserted title consisted merely of the following: "A 35 acre tract in North half of Sec. 11 Tp. 9 S. R. 42 E. B. M. together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, possession and claim, as well in law as in equity, of the said Tax Collector of the said County as a taxing unit and Collector for other taxing units." (sheet 99) and "35.52 acre Tract in Section 2, Twp. 9 S. R. 42 East Boise Meridian, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining," (sheet 106). These were fatally defective, and neither the county or appellants acquired title thereby. (*Little v. Burlingham,* 33 Ida. 757, 198 Pac. 464; *Hedrick v. Lee,* 39 Ida. 42, 227 Pac. 27; *Western Loan & Building Co. v. Bandel,* 57 Ida. 101, at 110, 63 Pac. (2d) 159; *Norrie v. Fleming,* (Ida.) 112 Pac. (2d) 482; *Miller v. Daniels,* (Wash.) 92 Pac. 268.)

As to appellants' objections to respondent's title, respondent has held under color of title for more than the prescriptive period, which justified a finding in his favor. (5-203 and 5-207 I. C. A.; *Boise City v. Wilkinson,* 16 Ida. 150, at 173, 102 Pac. 148; *Wilson v. Linder,* 21 Ida. 576, at 588, 123 Pac. 487, 42 L. R. A. (N. S.) 242, 1913E Ann. Cas. 148; *Crandall v. Goss,* 30 Ida. 661, 167 Pac. 1025.)

The county's asserted lien may be enforced by the statutory method.

The property was sold by the county to appellants for $40. Though appellants did not ask for reimbursement thereof, in the event of the failure of their title, respondent should in equity repay them. (*Johnson v. Sowden,* 25 Ida. 227, 136 Pac. 1136; *Pleasants v. Henry,* 36 Ida. 728, 213 Pac. 565.)

On the oral argument respondent suggested waste

committed by appellants would, if litigated, offset such reimbursement. The case is therefore remanded for the parties to reform their pleadings if they so desire and have this matter adjusted by the trial court. (*Smith v. Stanfield*, 29 Ida. 190, 158 Pac. 239.) Otherwise judgment is affirmed.

Costs awarded to respondent against Francis B. Chapman.

BUDGE, C.J., and MORGAN, HOLDEN and AILSHIE, JJ., concur.

Denying Petition for Rehearing
October 7, 1941

GIVENS, J.—Appellant's petition for rehearing urges the original opinion failed to recognize Section 5-210 I. C. A.[1]

Claimant holding by adverse possession need pay only taxes "levied and assessed." (*Swank v. Sweetwater Irrigation etc. Co.*, 15 Idaho 353, 98 Pac. 297; *Dickerson v. Hansen*, 32 Idaho 18, 177 Pac. 760.) The abstract shows none were levied or assessed between 1930 and 1937, inclusive, or a period of eight years, more than the prescriptive period, during which time respondent held under color of title; hence his title then ripened,

---

[1] "5-210. Oral claim—Possession defined—Payment of taxes.— For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial inclosure.

2. Where it has been usually cultivated or improved.

Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

of which he has not yet been divested. (*Cramer v. Walker,* 23 Idaho 495, 130 Pac. 1002.)

The petition, thus being without merit, is denied.

BUDGE, C.J., and MORGAN, HOLDEN and AILSHIE, JJ., concur.