PARKES v. CRAWFORD et al.

No. 32049. March 26, 1946.

*167 P. 2d 356.*

Richardson, Shartel, Cochran & Pruet, of Oklahoma City, for plaintiff in error.

A. S. Dickson, County Atty., Texas County, of Guymon, for defendants in error.

RILEY, J. The question presented in this appeal is the validity of a resale tax deed issued by the county treasurer of Texas county. Plaintiff in error obtained a quitclaim deed March 4, 1943, from the former owner, Maude M. Hicks, nee Maude M. Blake, conveying the land involved. At the 1939 resale, the county treasurer advertised for sale a tract of land described in the notice as:

"Part SW NE Sec. 33-5-17 Maude Blake sold 117132-years 1931-1938, total due $48.97."

There being no individual bidders, the land was bid in by the county treasurer, whereupon a resale deed was issued on May 10, 1939, to the chairman of the board of county commissioners. In the resale tax deed the property was described as:

"Balance of South part of Southwest Quarter (SW¼) of the North-east Quarter (NE¼) of Section Thirty-three (33) in Township Five (5) North of Range Seventeen (17) E. C. M. Texas County, Oklahoma".

Plaintiff in error commenced this action against the county and the county treasurer and other defendants, to quiet title, asserting that the resale deed to the county was void for want of sufficient description of the premises. He tendered all delinquent taxes, interest, and costs. There were other defendants and interveners, but the decree of the trial court was that they had no right, title, or interest in the premises and they do not appeal.

Trial was to the court, resulting in a finding that the resale deed was executed in substantial compliance with 68 O.S. 1941 § 432g; that all the proceedings, notices, and duties imposed by law, prerequisite to the vesting of authority in the county treasurer to execute the deed, had been followed, and particularly that the notice of resale contained a description of the land which furnished an unmistakable clue as to the land intended. The decree quieted the title in the board of county commissioners and declared that plaintiff and other defendants had no right, title, or interest in the land. Plaintiff alone appeals.

The contention on appeal is that the decree of the trial court is contrary to law and against the clear weight of the evidence; that the description of the land in the notice of resale and resale tax deed is fatally defective and that the tax deed was therefore necessarily void. With the contention we agree.

The resale was held in 1939. Section 12754, O. S. 1931, in effect when the resale notice was first published, and section 432b, 68 O. S. 1941, effective April 15, 1939, required that the notice of resale "shall contain a description of the real estate to be sold and the name of the owner". The question here involved appears to be settled by at least two decisions of this court. In Schuman v. Moses, 193 Okla. 634, 146 P. 2d 290, the original tax sale notice described the land as: "NW¼ less 7 acres 22 17 20", and the resale notice described it as: "NW 4 less 7 acres 22 17 20". The notice was held to be incorrect and legally inadequate, and the resale tax deed based thereon was held void.

In Frates v. Whitson, 195 Okla. 129, 155 P. 2d 536, the land was described in the resale tax deed as: "21.61 acres S½ NE¼ and NE SE¼ and N½ NW¼ and SE¼ NW¼ Sec. 33, Twp. 14, Rng. 11". That description was held fatally defective in that the 21.61 acres of land offered for sale and sold could not be identified.

The general rule is that where a tax deed attempts to convey a portion of a tract of land or of a lot, it must be so particularly described that it can be definitely and certainly located within the boundaries of the larger tract; it

will not do to describe it as a "part" of the tract or the "balance" of it, or as a given fractional part of it, or the residue or as so many acres out of the tract, or as a tract less or excepting a given number of acres. 61 C. J. 1355; Townsend v. Mallory, 94 Kan. 297, 146 P. 318; Johnson et al. v. Ashland Lbr. Co., 52 Wis. 458, 9 N. W. 464; Stewart v. Atkinson, 96 Cal. A. 50, 273 P. 606; Ainslie v. Moss, 191, Wash. 625, 71 P. 2d 679; Anno. 67 A. L. R. 890 et seq.

The only possible clue as to the identity of the particular part of the SW¼ of NE¼, sec. 33, intended to be sold and sold herein, is that the name "Maude Blake" may be the name of the owner as shown by the last tax rolls in the office of the county treasurer. It is said that from this clue the tract intended to be sold could be identified by reference to the county records. But in Stickel v. Carter et al., 63 Idaho, 78, 117 P. 2d 477, Sullenger v. Baecher, 55 Ind. A. 365, 102 N. E. 380, and in Raymond's Lessee v. Longworth, 14 How. 76, 14 L. Ed 333, the names of the owners appeared, but in each case the description was held insufficient and the deed was held to be void.

There are some questions raised concerning matters not passed upon by the trial court, which relate only to the controversy between plaintiff and the other defendants. Since the other defendants do not appeal, we deem it unnecessary to discuss those questions.

Reversed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.