Ralph L. PHILLIPS, Plaintiff in Error,

v.

Prentice THOMPSON, Defendant in Error.

No. 40378.

Supreme Court of Oklahoma.

Feb. 4, 1964.

A. H. Slemp, Jr., Tulsa, Earl Youree, Wagoner, for plaintiff in error.

William B. Jones and John W. Sublett, Tulsa, for defendant in error.

JOHNSON, Justice.

The defendant in error, Prentice Thompson, hereafter referred to as plaintiff, was

the owner of the following real property in the City of Tulsa, Oklahoma: the east thirty feet of the north forty feet of Lot Twenty-three and the east thirty feet of Lot Twenty-four, Block Two, Rosedale Addition.

In May, 1960, the plaintiff in error, Ralph L. Phillips, hereafter referred to as defendant, purchased from Tulsa County a resale tax deed. In such deed the property of plaintiff was described as: E 30′ Lot 23 and All Lot 24 Rosedale.

This action by plaintiff sought to cancel the tax deed and quiet title to plaintiff's property. From a judgment for the plaintiff, defendant appeals.

Two propositions for reversal are urged:

1. That the trial court erred in overruling the defendant's demurrer to the plaintiff's petition and amendments (a) because same failed to state a cause of action and (b) because it showed on its face that the cause of action was barred by limitation.

2. That the judgment of the trial court was contrary to the weight of the evidence (a) because plaintiff failed to overcome the statutory presumptions contained in Sec. 432h(7), Title 68 O.S.1961, and (b) because the trial court erred in the admission of evidence.

These contentions will be discussed in the order presented and the evidence in connection therewith discussed.

The plaintiff's second amended petition, in addition to the statutory allegations of ownership, possession, etc., contained this statement concerning the tax deed of defendant:

"Plaintiff alleges that said tax deed is wholly void and conveyed no interest in said property to the said defendant in that the notice of the re-sale upon which the said tax deed was issued was irregular, insufficient and void. The said notice of re-sale was void on the ground and for the reason that the said Notice included property not owned by this plaintiff and for which no taxes were due and owing thereon."

The petition contained the necessary tender.

■ Inasmuch as the petition contained all of the statutory allegations in addition to the one set out supra, we hold that it did state a cause of action. See Hurst v. Hannah, 107 Okl. 3, 229 P. 163.

Insofar as the argument concerning limitation, there are two reasons why the petition does not show on its face that the cause was barred by limitation.

1. It is urged that inasmuch as the tax deed was recorded more than one year prior to the filing of the action that Sec. 432f, 68 O.S.1961 bars the action.

■ It has been settled by a long line of decisions of this court that the one-year statute does not bar an attack upon a *void* tax deed.

In the case of Thieman v. May, 203 Okl. 655, 225 P.2d 356, in the first paragraph of the syllabus we said:

"Neither Sec. 432f nor Sec. 455, 68 O.S.1941 nor Sec. 93, sub. 3, 12 O.S. 1941, fixing the limitation within which actions may be commenced to recover land sold for taxes, applies to an action to cancel a void resale tax deed."

In the body of the opinion appears this language:

"As to the statute of limitations, there is no basis for a claim as to its applicability, as we have held in numerous cases that the limitations provided in Secs. 432f and 455 of 68 O.S.1941 and in Sec. 93, subd. 3 of 12 O.S.1941 do not apply to the owner of land seeking to recover the same where the resale tax deed is void. See Smith et al. v. Barry et al., 200 Okl. 619, 198 P.2d 400; Terwilleger v. Bridges, 192 Okl. 642, 138 P.2d 79; Welborn v. Whitney, 190 Okl. 630, 634, 126 P.2d 263."

■ 2. It is well established by many decisions that the statute of limitations never runs against the plaintiff in a quiet title action who is in possession. In 44 Am.

Jur., Sec. 63 at page 47 appears this language:

"* * * The prevailing rule is that the right of a plaintiff to have his title to land quieted, as against one who is asserting some adverse claim or lien thereon, is not barred while the plaintiff or his grantors remain in actual possession of the land, claiming to be owners thereof, the reason for this rule being that while the owner in fee continues liable to an action, proceeding, or suit upon the adverse claim, he has a continuing right to the aid of a court of equity to ascertain and determine the nature of such claim and its effect on his title, or to assert any superior equity in his favor. * * *"

We have followed this rule in Self v. Prairie Oil & Gas Co., C.C.A. 10, 19 F.2d 481; Warner v. Mason, 109 Okl. 13, 234 P. 747; Whitehead v. Bunch, 134 Okl. 63, 272 P. 878; Alfrey v. Richardson, 204 Okl. 474, 231 P.2d 363.

Inasmuch as the petition alleged that plaintiff was in possession, the demurrer was properly overruled.

The defendant's second proposition, supra, challenges the sufficiency of the evidence to sustain the judgment of the trial court cancelling the tax deed.

The proof shows that the notice of the resale upon which the tax deed was based contained the following in regard to this particular property:

"Rosedale Addition, east 30 feet lot 23, all lot 24 block 2. Owner, Prentice Thompson. Years tax assessed, real estate, 1956 to 1959 incl. Date sold to county, Nov. 4, 1957. Total tax, interest, penalty and costs $407.30."

The resale deed contained this same description. This description contains an area of 110' x 50' of lot 24 and an area of 10' x 30' of lot 23, which did not belong to the plaintiff. The tracts in both lots as described were larger than plaintiff's property, and the location of plaintiff's property therein is not specified.

The defendant in support of his position cites the case of Watts v. Meriwether, 184 Okl. 32, 84 P.2d 643. We consider that case wholly inapplicable. The description in that case reads:

"NE¼, less Ry, and 2 acres road, 15–18–18."

In the body of the opinion the court says:

"* * * The rule is that if the assessment roll or tax deed itself 'contains a description which identifies and furnishes an unmistakable clue as to the land intended, parol evidence may be used to explain the description or apply it to its intended object; but if the description is insufficient and furnishes no clue, parol testimony is not admissible to supply the deficiency and show what property the assessor intended to assess'. 61 C.J. 716 Sec. 884; Best v. Wohlford, 1904, 144 Cal. 733, 78 P. 293; Morris v. Waldrop, 1925, 213 Ala. 435, 105 So. 172; Landry v. Bedou, 1933, 166 Miss. 639, 147 So. 298, 299. Under this rule, parol evidence is here admissible."

The situation here is entirely different. There is nothing in either the notice or the deed to give any clue as to the land owned by the plaintiff. Any prospective buyer at the tax sale would be led to believe that he was getting much more land than was actually to be conveyed. We do not believe this to be an open question in this jurisdiction.

In the case of Anderson v. Hill, 205 Okl. 561, 239 P.2d 1016, the first paragraph of the syllabus by the court reads:

"Where a tax deed attempts to convey a portion of a tract of land, it must be so particularly described that it can be definitely located within the boundaries of the larger tract, and it is not sufficient to describe it as a 'part', 'balance', 'fractional part', 'residue', or so many acres out of the tract, or as a tract less or excepting a given number of acres."

The body of the opinion contains this language:

"The general rule, as set forth in Parkes v. Crawford, supra, is that where a tax deed attempts to convey a portion of a tract of land or of a lot, it must be so particularly described that it can be definitely and certainly located within the boundaries of the larger tract. * * *"

In the case of Parkes v. Crawford, 196 Okl. 613, 167 P.2d 356, the second paragraph of the syllabus by the court reads:

"In proceedings for the resale of a part or portion of a tract of land or lot, sold to the county for delinquent taxes, the notice of resale must so particularly describe the portion or part of the tract intended to be sold that it can be definitely and certainly located within the boundaries of the larger tract or lot; it will not do to describe it as a part of the tract, or the balance of it, though the name of the record owner be given."

In the body of the opinion we find this paragraph:

"The only possible clue as to the identity of the particular part of the SW¼ of NE¼, Sec. 33 intended to be sold and sold herein is that the name 'Maude Blake' may be the name of the owner as shown by the last tax rolls in the office of the County Treasurer. It is said that from this clue the tract intended to be sold could be identified by reference to the county records. But in Stickel v. Carter et al., 63 Idaho 78, 117 P.2d 477, Sullenger v. Baecher, 55 Ind.App. 365, 102 N.E. 380, and in Raymond's Lessee v. Longworth [14 How. 76], 55 U.S. 76, 14 L.Ed. 333, the names of the owners appeared, but in each case the description was held insufficient and the deed was held to be void."

■ In line with these authorities we hold the description insufficient and therefore the deed to be void.

The last contention of the defendant is that the trial court erred in the admission in evidence of a resolution of the county commissioners holding this resale of this particular property to be void. With this contention we agree. The resolution could have no effect upon the legality or illegality of this deed; but inasmuch as this is a non-jury case, and the evidence, exclusive of this resolution, amply supports the judgment of the trial court, the admission of this evidence was harmless.

The judgment of the trial court is affirmed.