** Summary ** USE OF ABBREVIATED PROPERTY DESCRIPTIONS ON TAX ROLLS An abbreviated legal description of real property containing a partial metes and bounds description establishing the beginning point and thereafter listing the book and page number of an instrument recorded with the Registrar of Deeds wherein the full legal description may be found, meets the minimum legal requirement, and barring circumstances which in prudence would dictate a more detailed description, is legally sufficient for use on assessment rolls, tax rolls and receipts for payment of taxes as well as for publication of the original sale and resale for delinquent taxes, assuming all other statutory requirements are met. The Attorney General is in receipt of your letter in which you set forth a legal description similar to the following: "DESCRIPTION APPEARING IN DEED RECORDED 2121 DR, PAGE 1311: "A tract of land in the Northwest Quarter (NW/4) of the Southwest Quarter (SW/4) of Section (X) Township (Y) North, Range (Z) East of the Indian Meridian, more particularly described as follows, to-wit: Beginning at a point 87.02 feet East of the Southwest corner (SW/cor) of the Northwest Quarter (NW/4) of the Southwest Quarter (SW/4) of Section One (1), thence North 0107'35" West a distance of 731.96 feet, and along a line parallel to the West line of said Southwest Quarter (SW/4), thence North 8852'25" East a distance of 288.72 feet, thence southeasterly around a curve having a radius of 70.0 feet a distance of 59.99 feet, thence South 4515'16" East a distance of 202.40 feet, thence South 4444'44" West a distance of 252.24 feet, thence South 0009'44" West a distance of 396.41 feet, to a point on the South line of said Northwest Quarter (NW/4) of the Southwest Quarter (SW/4), thence North 8950'16" West a distance of 290.00 feet to the point of beginning." Your letter further contained an abbreviated description as follows: "PROPOSED ABBREVIATED DESCRIPTION BY REFERENCE TO BE USED ON ADDRESSOGRAPH PLATES, ASSESSMENT ROLLS TAX ROLLS: "A tract in the SW/4 Sec. X-YN-ZE, Beg. 87.02' E. of SW/corner NW/4 SW/4, etc. (described in deed recorded 2121 DR, Page 1311)" and wherein you ask the following questions: "1. Would the above abbreviated description be valid if entered and carried on the addressograph plates, assessment rolls, tax rolls and receipts for payment of taxes? "2. Would such abbreviated description be valid if used in the publication of notice of sale at the original October sale and the June Resale for delinquent taxes?" In considering your question we must first examine the statutory requirements in regard to legal descriptions. In regard to assessment rolls, Title 68 O.S. 2471 [68-2471](a), 68 O.S. 2471 [68-2471](b) (1971) provides as follows: "Each county assessor in the state shall annually prepare an assessment roll, which shall be in such form as may be prescribed by the Oklahoma Tax Commission and shall contain the following: "(a) A list of all lands in the county in numerical order beginning with the lowest numbered section in the lowest numbered township in the lowest numbered range in the county, and ending in the highest numbered section, township and range, with the number of acres in each tract, and the numbers of the school districts in which such lands are located, and the name and address of the owner in each instance excepting unplatted lands located inside a city or town. "(b) A list of town lots in each town or city in like numerical order and the unplatted lands located inside each city and town, in numerical order beginning with the lowest numbered section in the lowest numbered township and range with the number of acres in each tract, and the number of the school district in which such lots or tracts are located, and the name and address of the owner in each instance." In regard to tax rolls, Title 68 O.S. 2472 [68-2472](b)(c) provides in part as follows: "As soon as practicable, and not later than October 1, the county assessor shall prepare tax rolls containing all adjustments by either the equalization board or the excise board which have been completed and provided to the assessor, and containing: "(b) A list or lists of all taxable lands in the county or school districts of the county, not including city or town lots, nor unplatted tracts of land inside a city or town, in numerical order, commencing with the lowest numbered section and the different subdivisions and fractional parts thereof in the lowest numbered township in the lowest numbered range in the county, and ending with the highest numbered section, township and range, with the number of the school district located in and the name of the owner in each instance, the assessed valuation of each tract, and the total amount of taxes extended in separate columns opposite each tract in the same manner as provided in the alphabetical list or lists of names; except where homestead exemptions are involved, then by distinctive valuations and amounts of tax as hereinafter provided. "(c) A list of the city or town lots in each city or town and the unplatted tracts in each city or town in the county, commencing with the lowest numbered section in the lowest numbered township in the lowest numbered range in the county and the different subdivisions and fractional parts thereof and ending with the highest numbered section, township and range, and the number of acres in each tract with the name of the owner in each instance, and the valuation and total tax extended in separate columns in the same manner as hereinbefore provided in respect to personal property and lands, except homesteads which shall be distinguished as provided for lands. Each lot shall be separately listed, excepted as hereinafter provided, and the valuation and tax separately extended thereon. . . ." In regard to tax receipts, Title 68 O.S. 24200 [68-24200] (1971) provides as follows: "The county treasurer of each county upon receipt of the tax rolls shall proceed with the collection of the taxes as therein extended, issuing, in triplicate, receipts upon all collections, delivering the original to the taxpayer and filing the triplicate with the county clerk; provided that said receipts shall be, in manner and form, the same as the tax rolls, and shall have endorsed thereon in red ink the amount of delinquent taxes levied against the property." In regard to the second question, the notice of sale, see 68 O.S. 24312 [68-24312] (1972) which provides in part as follows: "Such notice shall contain a notification that all lands on which the taxes are delinquent and remain due and unpaid will be sold, and of the time and place of the sale, and shall contain a list of the lands to be sold, the name or names of the last owner or owners as reflected by the records in the office of the county treasurer and the amount of taxes due and delinquent." In regard to the notice of resale, Title 68 O.S. 24331 [68-24331] (1971), provides in part as follows: "Such notice shall contain a description of the real estate to be sold, the name of the owner of said real estate as shown by the last tax rolls in the office of the County Treasurer, the time and place of sale, a statement of the date on which said real estate was sold to the county for delinquent taxes, . . ." The first definitive case decided in Oklahoma concerning the sufficiency of a legal description in an assessment roll and upon a tax deed was reported as Watts v. Meriwether,134 Okl. 32, 84 P.2d 643. In that case the court considered the following legal description: "NE 1/4 Of Sec. 15-18-18, less Ry. right-of-way, 111 acres." The court had presented to it the question of the legal sufficiency of the above quoted description and in discussing that question referred to Section 12610 O.S. 1931 which provided in part that the assessor shall keep a book known as a "land list" which shall contain "a description, sufficient for identification of any real estate belonging to said owner." This section is now found in Title 68 O.S. 2470 [68-2470] (1971) with slightly modified language as follows: "Each county assessor in the state shall prepare and keep a book to be known as a 'land list,' which shall contain the name of the owner and a description, sufficient for identification of all real estate in the county, with the number of acres and value of the land and the value of the improvements; . . ." In discussing the description in light of the 1931 statute the court stated: "The purpose of a description is not to identify the land, but to furnish means of identification. A description is sufficient if it does not mislead and identifies or designates with reasonable certainty, the property intended to be taxed." The court found that the legal description was sufficient and in considering the argument that if it had been insufficient parol evidence would not have been allowed to correct it stated the rule as follows: ". . . If the assessment roll or tax deed itself 'contains a description which identifies and furnishes an unmistakable as to the land intended, parol evidence may be used to explain the description or apply it to its intended object; but if the description is insufficient and furnishes no clue, parol testimony is not admissible to supply the deficiency and show what property the assessor intended to assess."' (Emphasis supplied) The court further stated that: "A description is sufficient if it contains such data as will enable a competent surveyor to locate the property with reasonable certainty either with or without the aid of extrinsic evidence." The Supreme Court in Chamberland v. Davis, 191 Okl. 457,130 P.2d 848, considered the sufficiency of a legal description in regard to the resale notice contained in Section 12754, O.S., 1931, now found at 68 O.S. 1971 24331 [68-24331] and stated in regard to the purpose of such statute requiring "a description of the real estate to be sold" as follows: "The purpose of such a statute is twofold, (1) to warn the owner that his property is to be sold so that he can prevent the sale by payment of his taxes, and (2) to advise prospective purchasers so that they can investigate the property and determine whether they want to bid. Under such a statute, the description will be held sufficient if it be such as to enable both the owner and the prospective purchaser to identify and locate with substantial certainty the land to be sold, and it need not be so detailed as to point out the exact boundaries so that a stranger unacquainted with the locality and the neighbors could find it without inquiry, but the designation must not be so confusing as to be calculated to mislead a person of average intelligence." Thus, the rule as to the sufficiency of a legal description in assessment rolls and resale notices as above set forth would appear to be very broad and would not appear to require detailed descriptions. However, later cases appear to have modified this general rule to some degree. In the case of Anderson v. Hill, 205 Okl. 561, 239 P.2d 1016, the court had under consideration the legal sufficiency of the following description which appeared on the assessment roll and in the tax sale proceedings and in the tax deed "S Pt of Block 20." The court in holding this description as being insufficient referred to the general rule laid down in an earlier Oklahoma case and stated: "Where a tax deed attempts to convey a portion of a tract of land, it must be so particularly described that it can be definitely located within the boundaries of the larger tract, and it is not sufficient to describe it as a 'part,"balance,"fractional part,"residue,' or so many acres out of the tract, or as a tract less or expecting a given number of acres." Later, in the case of Phillips v. Thompson, Okl., 389 P.2d 473, the court had under consideration a legal description appearing in the notice of resale which stated in part as follows, "Rosedale Addition, East 30 feet Lot 23, all Lot 24, Block 2. Owner, Prentice Thompson . . ." The court stated that this description contained an area of some 110 feet by 50 feet of Lot 24 and an area of 10 by 30 feet of Lot 23 which did not belong to the named owner. In holding this description insufficient the court referred to the Watts v. Meriwether case, supra, and stated: "The situation here is entirely different. There is nothing in either the notice or the deed to give any clue as to the land owned by the plaintiff. Any prospective buyer at the tax sale would be led to believe that he was getting much more land than was actually to be conveyed." The court then quoted from Anderson v. Hill, supra, and from the case of Parkes v. Crawford, 196 Okl. 613, 167 P.2d 356: "In proceedings for the resale of a part or portion of a tract of land or lot, sold to the county for delinquent taxes, the notice of resale must so particularly describe the portion or part of the tract intended to be sold that it can be definitely and certainly located within the boundaries of the larger tract or lot; it will not do to describe it as a part of the tract, or the balance of it, though the name of the record owner be given." The abbreviated legal description submitted would appear to meet the guidelines for sufficiency as set forth in the above cited authorities. It does not describe a part, balance, etc., of a tract of land as prohibited by the Anderson case, supra, and it does provide an unmistakable clue sufficient to warn the owner that his property might be sold and to advise prospective purchasers so that they might investigate the property as required by the Watts and Chamberland cases, supra. It is, therefore, the opinion of the Attorney General that your questions 1 and 2 are both answered in the affirmative in that the proposed abbreviated description meets the minimum legal requirements, and barring circumstances which in prudence would dictate a more detailed description, is legally sufficient for use on assessment rolls, tax rolls and receipts for payment of taxes as well as for publication of the original sale and resale for delinquent taxes, assuming all other statutory requirements are met. (James H. Gray)